EDWARDS *vs.* THE STATE OF GEORGIA.

1. Before a party can demand a continuance on the ground of the absence of a witness, it must appear that such witness has been subpoenaed.   It is not sufficient that a subpoena has been sued out for him.  Code, §3522.

2. Where two defendants were indicted for larceny, the offense alleged being the stealing of cotton belonging to the prosecutor, on the trial of one of them, a possessory warrant previously sued out by the prosecutor against the defendant to recover the cotton, with the

judgment of the magistrate thereon for the defendant, was not admissible.

3. The verdict is supported by the evidence.

(*a*.) The grounds of error should be distinctly set forth in a petition for *certiorari*. Where a petitioner for *certiorari* alleged that the finding of the jury in the county court was contrary to law and evidence, but pointed out no specific point in which the evidence failed, and the presiding judge refused to sanction the same, on exception to this court, the judgment of the court below will not be reversed because the *ex parte* petition did not show proof of the value of the property for the larceny of which defendant was tried. In 55 *Ga.*, 222, the whole case, including both petition and answer, was before the presiding judge.

December 30, 1882,

JACKSON, Chief Justice.

[Edwards was convicted in the county court of Greene county for the offense of simple larceny in stealing certain cotton belonging to one Bowden. He presented his petition for *certiorari* to the judge of the superior court. From this the following rulings appear to have been made by the county judge:

When the case was called, defendant moved for a continuance on the ground of the absence of a witness by whom he expected to prove that the cotton found in his possession, and with the larceny of which he was charged, was in fact his cotton, raised by him on land belonging to the mother of the witness, and that the witness had seen the cotton in possession of defendant before the alleged larceny. Defendant also "showed" that the witness was not absent by his consent or procurement; that neither he nor his counsel had seen the witness since the indictment had been transferred to the county court; that he had made diligent search to learn the whereabouts of such witness; that a subpoena had been issued, but not served for want of such knowledge; that he had that morning heard that the witness was at Rome, Ga., and that he expected to have said witness at the next term of court. The motion was overruled.

Defendant, among other things, tendered in evidence a possessory warrant sworn out by the prosecutor against the defendant to recover the cotton, for stealing which he was on trial, together with the entry of the constable and the judgment of the justice remanding the property to the possession of the defendant. On objection, the court rejected this evidence as irrelevant.

Three errors were assigned in the petition for *certiorari:* (1.) Because the court refused a continuance. (2.) Because the court rejected the proceedings on the possessory warrant. (3.) Because the verdict was contrary to law, contrary to evidence and strongly and decidedly against the weight of the testimony. It is unnecessary to detail the evidence, further than to state that the petition set out the evidence of the principal witnesses in full, and abbreviated the testimony of some of the less important witnesses, by stating that they corroborated the testimony of other witnesses as to a given point. Nothing is said in the petition as to the value of the property.

The judge refused the *certiorari*, and defendant excepted.]