# Tinney v. The State.

*Indictment for Grand Larceny.*

1. *Proof of venue in criminal case.*—In a criminal case it is not necessary to prove in express terms that the offense was committed in the county where the indictment was found; evidence from which the jury could so infer is sufficient.

2. *Larceny; evidence of former suit between defendant and owner of stolen property inadmissible.*—On a trial for larceny, the proceedings and judgment in a former detinue suit instituted by the alleged owner of the stolen property against the accused, in which the latter was successful, were matters *inter alios acta*, and are irrelevant to the issue involved in the prosecution, and inadmissible in evidence.

3. *Same; irrelevant evidence.*—On a trial for the larceny of two hogs, evidence that the defendant, at the time he sold the hogs, alleged to have been stolen, to a third person, had in his possession, or sold and delivered to the same person, other hogs, some with ear-marks the same, and others with marks differing from those of the hogs alleged to have been stolen, is irrelevant, illegal and inadmissible.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant was indicted, tried and convicted for the larceny of two hogs, which were alleged to have been the property of one Crawford Herring.

The defendant filed several pleas, in which he set up that prior to the finding of the indictment, Crawford Herring had instituted an action of detinue againt the defendant for the recovery of the hogs, and that this action of detinue had been decided in favor of the defendant. Demurrers to these pleas were sustained ; and issue was joined on the plea of the general issue.

The evidence in the case was in conflict. That for the State tending to show that the hogs in question belonged to Crawford Herring, and that at the time of their taking by the defendant were marked in bis mark. The evidence for the defendant tended to show that the hogs were his, and were marked in his mark, and were sold by him to one Howell Pearson. At the time of the alleged larceny the defendant lived in Jefferson

county. The evidence tended to show that the sale of the hogs to Pearson took place in Jefferson county.

On the trial of the cause the defendant sought, by asking various questions, to bring out in evidence the fact of the institution of a detinue suit by Crawford Herring against the defendant for the hogs alleged to have been stolen, and that a judgment had been rendered in said suit against said Herring, and in favor of the defendant. These several questions were objected to by the State, the objections were sustained, and to each of these rulings of the court the defendant separately excepted.

Howell Pearson, a witness for the State, testified that at the time of the purchase of the hogs in question he purchased six others from the defendant, and was allowed, against the objection and exception of the defendant, to testify as to how the other hogs were marked. The State asked the witness Pearson: "What was the value of the hogs alleged to have been stolen?" The defendant objected to this question on the ground "that the judgment of the circuit court of Shelby county (in the detinue suit) was the best evidence as to the value of the hogs." The court overruled the objection, and the defendant duly excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that if they believe from the evidence that at the time of the alleged larceny of the hogs described in the indictment, the defendant owned and had the possession of the hogs, and further believe that the fact of such possession and ownership has been judicially ascertained by the circuit court of Shelby county, Alabama, then your verdict must be for the defendant." (2.) "The court charges the jury, that if they believe the evidence, they must find the defendant not guilty."

J. W. BUSH, for appellant.—The ordinary action of detinue may or not be an action *in rem*, but under our statute where a writ of seizure issues and the property taken, the inquiry may well be made, "Is it not an action *in rem?*" If so, a judgment rendered in said

action, in any case and under all circumstances is absolutely conclusive against everybody and binds all the world.—2 Black on Judgments, § 795; Greenl. on Ev., §§ 525, 543. But suppose it is not an action *in rem*. Is or not a properly certified judgment, where the same issue, viz., the ownership of the identical property is involved, admissible to, at least, show that "as containing a solemn admission or judicial declaration in regard to a certain fact?" Greenl. on Ev., §§ 527, 527a; 2 Black on Judgments, §§ 607, 608..

Wm. C. Fitts, Attorney-General, for the State.—The main question in this case is whether or not the defendant believed that he was entitled to the ownership of the hogs which he is alleged to have stolen. However honest an impression the defendant had that he ought to be in possession of the hogs, this does not excuse his invading the possession of another and taking them away. The fact a circuit court subsequently to the taking, and after the commencement of this prosecution rendered judgment in a determined case awarding the hogs to this defendant, can not alter the consequences.— Larceny and Kindred Offenses, Rapalje, § 236 and cases cited; *Allen v. State*, 71 Ala. 5; *Morningstar v. State*, 59 Ala. 30; *Randle v. State*, 49 Ala. 14.

McCLELLAN, J.—While it was not in terms proved that the offense charged in the indictment was committed, if at all, in Jefferson county, there was evidence from which the jury might well have so inferred. The general charge requested by the defendant, on the theory that no evidence of venue had been adduced, was, therefore, properly refused.

The proceedings and judgments before the justice of the peace and, on appeal, in the circuit court in the action of detinue prosecuted by Herring, in whom property is laid by the indictment here, against Tinney, were matters *inter alios acta*, and foreign to the issues in the present case between the State of Alabama and said Tinney.

The value of the hogs alleged to have been stolen by the defendant was not pertinent to any issue in the case. In legal contemplation, however, the defendant is held to have assented to evidence of value being received since

he made no tenable objection to it. The objection he did make, that the judgment in the detinue suit was the best evidence of value, was obviously untenable, and at the same time a waiver of all other objections.

We are unable to see that the fact that the defendant had in his possession, or sold and delivered to Pearson, along with the two hogs alleged to have been stolen by him, six others, some of which were without ear-marks and other of which had marks differing from those of the two involved in this case, had any legitimate tendency to prove that he feloniously took and carried away the two hogs in question; and we are also unable to see that this testimony was not of injury to him on the trial. For the error committed in receiving this testimony, the judgment of the criminal court must be reversed. The cause is remanded.

Reversed and remanded.


