# Dupree *v.* The State.

## *Burglary.*

(Decided Jan. 24th, 1907.   42 So. Rep. 1004.)

1. *Criminal Law; Evidence; Opinion Evidence.*—Where a witness has detailed the description of a door as to structure and locking both on the inside and outside, it is improper to ask whether it was possible in his opinion for a certain lock on the inside of the door to have been broken from the outside. This called for evidence of opinion on a matter to be determined by the jury from the evidence already given.

2. *Same; Appeal; Presumption.*—Where the record fails to show what predicate was laid to authorize the admission of testimony tending to show confessions and admissions of guilt this court, will, on appeal, presume that a sufficient predicate was laid.

3. *Same; Evidence; Admissibility.*—It having been shown that just before day of the night of the burglary a witness went to the freight house door near the burglarized store and found the defendant standing near a pile of goods, shown to have been taken from the store, it was admissible, on proper predicate laid to show what defendant had said to the witness tending to show that he was the guilty agent or concerned in the burglary.

4. *Criminal Law; Excluding Evidence.*—A motion to exclude the answer of a witness where objection was not made to the ques-

[Dupree v. The State.]

tion nor to the answer until after the witness had answered is not available.

5. *Burglary; Evidence; Admissibility.*—It was proper to permit evidence that the goods carried to the police headquarters wore the goods which were found near the door of the burglarized store.

6. *Same.*—Where the evidence tended to show that the burglary was committed or planned by several persons, it was competent for the State to show that on the night of the crime the defendant and others were together in a bar-room and were seen together soon afterwards in an eating house nearby the bar.

7. *Criminal Law; Evidence; Confessions.*—It being shown that no promise, threats or inducements were held out to defendant, it was competent for the officer who arrested him to detail a conversation had with defendant concerning his participation in the burglary.

8. *Burglary; Evidence; Corpus Delicti.*—The corpus delicti may be proven by circumstantial evidence in a prosecution for burglary.

9. *Criminal Law; Venue.*—Where the indictment shows that it was found in a certain county, and the proof showed that the burglary was committed in a certain city in this state, the court takes judicial knowledge of the county in which the city is situated and the proof of the venue is sufficient.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

Will Dupree was indicted for the burglary of Greil Bros. Co.'s store. The evidence tended to show that on the night of the burglary the store was closed, and how and when it was closed was shown by Owens. The next morning the lock on the back door next to the freight-house of the Louisville & Nashville Railroad Company was broken. Certain goods with Greil Bros.' mark on them were found piled in the nook or jamb of the freight-house door next to the store of Greil Bros. The defendant was standing there when the goods were discovered.

The objections to testimony, with one or two exceptions, are sufficiently disclosed by their discussion in the opinion. The witness McDade was testifying, and, after the question objected to was asked and the answer given, the objection was made and motion to exclude

[Dupree v. The State.]

was interposed. He testified to the facts that the goods carried to police headquarters were the goods found near the back door of Greil Bros.' store, in the jamb of the doorway of the freighthouse.

The state was permitted to show that on the night of the burglary, about 12 o'clock, the defendant and one Webster and Cohn were together in a barroom, and soon after were seen together in an eating house near the bar. The evidence of several witnesses tended to show that the burglary was committed, or planned and committed, by these parties. It was further shown by the state that the defendant was captured by officers in Savannah, Ga., and, while being brought home, after showing that no promise, threat, or inducement of any kind was offered or held out to the defendant, the officer who had charge of him was allowed to detail a conversation had with the prisoner.

Quite a number of charges were asked by the defendant, and refused. As they are not discussed, it is deemed unnecessary to set them out.

PEARSON & RICHARDSON, for appellant.—The record fails to show proof of venue and charge 1' should have been given.—*Barnes v. The State*, 134 Ala. 42; *Harvey v. The State*, 125 Ala. 47; *Brown v. The State*, 100 Ala. 92; *Randolph v. The State*, Ib. 139; *Rose v. The State*, 117 Ala. 77.

The affirmative charge as to larceny should have been given as the corpus delicti was not proven; nor was the breaking shown. In fact, it was shown there was no breaking.—*Ray's Case*, 66 Ala. 281; *Fisher's Case*, 43 Ala. 17; *Green v. State*, 63 Ala. 539; *Brown v. The State*, 55 Ala. 123.

MASSEY WILSON, Attorney General, for State.—It was for the jury to say whether the door was broken from the outside or the inside and not for the witness.—*Hill v. The State*, 137 Ala. 62; *Orr v. The State*, 117 Ala. 69. The shooting of Cohn and Ragland was sufficient to identify the time of the burglary.—*McIntosh v. The State*, 140 Ala. 137. The objection to the testimony of the witness McDade came too late.—*Choppin v. The*

*State,* 123 Ala. 58. The defendant's movements on the night of the crime were rightly shown.—*Spraggins v. The State,* 139 Ala. 93. The evidence was sufficient to justify a finding that a burglary had been committed.— *Vaughan v. The State,* 130 Ala. 18.

HARALSON, J.—G. D. Owens, a witness for the state, who was an employe at the store of Greil Bros. Company,—whose store in Montgomery was alleged to have been broken into,—testified to facts tending to show the burglary of said store. He described the condition of the back door, on the outside and on the inside of the store, and the lock that was on it. He was asked by the defendant on the cross: "Is it or not possible for this lock (which was on the door inside), to have been broken this way from the outside of the store?" also, "Is it not a fact, it was a physical impossibility for a person to have stood on the outside of the Greil Bros. Company store, and broken that lock from the outside?" and still again, "Is there any way from the outside to have broken that lock at the time, or after the witness saw it securely locked"? These were questions proper for the determination of the jury, and they were as competent to answer them as the witness.—*Orr v. State,* 117 Ala. 69, 23 South. 696; *Hill v. State,* 137 Ala. 66, 34 South. 406.

The witness, Henley, for the state, testified, that he was an employe of the Louisville & Nashville Railroad Company, as night porter; that early in the morning after the night when said store was burglarized, some pistol shots were fired at or near the Louisville & Nashville freighthouse, close to said store, separated by a narrow alley, and he went down near the freight depot, and saw defendant there; and, at the place where defendant was standing, was piled the goods described as having been taken from said store; that the goods were piled in a nook of said freight depot, almost opposite the place where the door of Griel Bros. Company's store was found broken open. The solicitor asked the witness, "after a proper predicate was laid,"—as the record recites,—"What did Will Dupree (the defendant) say to

you?" An objection, for incompetency and immateriality, was overruled. What the predicate was, is not shown in the record. It must be presumed that the predicate was sufficient to authorize the admission of the statement of the witness of the declarations of defendant, tending to show his confessions and admissions of guilt. What the defendant said to the witness was admissible, as tending to show that he was the guilty agent, or was concerned in burglarizing the store.

The solicitor asked this witness: "Was that the Sunday morning on which the negro Cohn was killed and Policeman Ragland was shot?" This evidence was intended to identify or fix the time of the commission of the offense, and was expressly allowed for that purpose, but later was excluded by the court on motion of the defendant.

The objection to the testimony of the witness McDade, came too late.—*Coppin v. State,* 123 Ala. 58, 26 South. 333.

The motion of the defendant to exclude certain portions of the evidence of this witness was properly overruled. Whether the circumstances deposed to by him proved the larceny, was a question for the jury. It afforded ground for inference, that the offense had been committed.

As to exceptions numbered 9 and 10, it is sufficient to say, that the movements of the defendant on the night of the commission of the offense, were not improperly shown.—*Spraggins v. State,* 139 Ala. 102-3, 35 South. 1000.

A sufficient predicate for the admission of confessions was shown, and the evidence of confessions tending to show that defendant was guilty was properly admitted.

Defendant's counsel insist that charge 1 should have been given on account of the failure to prove the venue of the crime. "It is not necessary to prove in express terms, that the offense was committed in the county where the indictment was found; evidence from which the jury could so infer is sufficient."—*Tinney v. State,* 111 Ala. 74, 20 South. 597. There was abundance of evidence by several witnesses, that the alleged crime

[McClure ·v. The State.]

was committed in "Montgomery, in the city of Montgomery," and the union depot of the Louisville & Nashville Railroad Company, in said city, and certain prominent streets therein, such as Monroe, South Court, etc., etc., are referred to in the evidence. From these facts, we can judicially know, that the city of Montgomery is in Montgomery county in the state of Alabama.—*Levy v. State,* 133 Ala. 192, 31 South. 805; *Boardman v. Ewing,* 3 Stew. & P. (Ala.) 293; 17 Am. & Eng. Ency. Law (2nd Ed.) 906.

As to the sufficiency of proof of the corpus delicti, it may be said that direct and positive evidence is not indispensable. "Like any other fact, the subject of judicial investigation, it may be proved by circumstantial evidence," and is for determination by the jury.— *Vaughan v. State,* 130 Ala. 29, 30 South. 669.

There is much evidence from which the commission of the crime could be reasonably inferred, if it was not positively shown.

The defendant asked numerous other charges which were refused. We must decline to discuss them. Defendant's counsel declined to do so. We have read them in consultation and discover no reversible error in any of them.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.