# Harrison v. City of Anniston.

*Violating City Ordinance.*

(Decided April 9, 1908. Rehearing denied June 18, 1908. 46 South. 980.)

1. *Jury; Demand for; Time.*—Construing together section 19, Acts 1904-5, p. 1062, and sections 8 and 11 of Acts 1896-7, p. 327, a defendant who takes an appeal from the recorder's court to the city court of Anniston on account of a conviction for violating a city

[Harrison v. City of Anniston.]

ordinance, and makes no demand for a jury when the appeal is taken, nor when the case is sounded for trial and brings no notice of any appeal to the attention of the court until after the term to which the appeal is taken has ended, is not entitled to a jury as the demand therefor came too late.

2. *Venue; Proof.*—Venue may be shown circumstantially as well as by direct testimony, and in this case, the evidence is examined and held to authorize the finding that the offense was committed within the police jurisdiction of the city of Anniston.

3. *Municipal Corporation; Appeal from Trial by.*—A case appealed from the recorder's court of the city of Anniston to the city court is triable de novo.

4. *Same; Violating Ordinance; Complaint.*—The fact that the complaint set out and claimed the maximum fine did not render it bad since the setting out of the fine may be regarded as surplusage.

5. *Same; Judgment; Punishment.*—A sentence to hard labor is authorized upon a conviction by the city court of a person for violating the city ordinance. (Acts 1894-5, p. 1062. Section 19.)

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

W. A. Harrison was convicted in the recorder's court of violating an ordinance of the city of Anniston against selling whisky. He appealed to the city court where he was again convicted and sentenced to hard labor. From this conviction he appeals. Affirmed.

TATE & WALKER, for appellant. The court erred in refusing the demand for a jury. The appellant was not an actor in the city court, and had made no appearance. —*Grigg v. Gilmer,* 54 Ala. 430. No sale was shown.— 24 A. & E. Ency. of Law, 1022. Under the facts in this case the defendant was entitled to the affirmative charge. —*Brown v. The State,* 100 Ala. 92; *Randolph v. The State,* 100 Ala. 139; *Justice v. The State,* 99 Ala. 180. Venue was not shown.—*Burks v. The State,* 120 Ala. 386; 21 A. & E. Ency. of Law, 6. The court was without authority to substitute hard labor as a punishment, where the only penalty sought was by a fine.—*Derrick v. Hones,* 1 Stew. 18; *Flournoy v. Childress,* Minor 93: *Dinsmore v. Austell,* Minor 89.

A. P. AGEE, for appellee. The court did not err in declining to grant defendant a jury trial. Venue may be proved by circumstantial evidence.—*Tenney v. The State,* 111 Ala. 74. A court of general jurisdiction judicially knows the streets of a city where it holds court.—*State v. Ruth,* 14 Mo. App.; *Skelly v. N. Y. Elevated R. R. Co.,* 27 N. Y. Supp. 304; *People v. Kelly,* 20 Hun. 594. The court did not commit error in sentencing to hard labor.—Sec. 19, Acts 1894-5. The claim for the penalty was unnecessary and a mere surplusage.—*Mayor, etc., v. Fitzpatrick,* 133 Ala. 613.

DOWDELL, J.—The appellant was tried and convicted in the recorder's court of the city of Anniston for the violation of a city ordinance. From this conviction he appealed to the city court of Anniston. The appeal was taken on the 16th of November, 1906, and the case was put upon the nonjury docket by the clerk of the city court. On the first Monday in December thereafter, upon the regular call of the docket in accordance with the procedure of the city court, the case was sounded for trial, and no order was taken and no demand was made for a jury trial. On the 10th of December the defendant entered a motion on the motion docket to require the clerk to transfer the cause to the jury docket, and on the same date a demand for a jury was entered on the appeal bond. The motion was not called to the attention of the court until the next term of the court, and on January 21, 1907, when the motion was overruled.

The appeal was taken from the recorder's court under section 19 of an act establishing a new charter for the city of Anniston, approved February 18, 1895 (Acts 1894-95, p. 1062), wherein it is provided that appeals from judgments of the recorder shall be governed in all respects as provided by law in cases of appeal from

[Harrison v. City of Anniston.]

judgments of justices of the peace in civil cases. Section 8 of "An act to declare the powers and jurisdiction of the city court of Anniston (Acts 1896-97, p. 327) provides as follows: "That all appeals in civil cases at law from inferior courts to said city court shall stand for trial when reached on the regular call of the docket, at any time after ten days' notice of the suing out of such appeal shall have been given the adverse party as required by law." Section 11 (page 329) of the same act provides: "That in all civil cases at law in said court the issue and question of fact shall be tried by the court without the intervention of a jury, unless a jury be demanded by the plaintiff at the commencement of the suit, or when the cause is at issue, by indorsing such demand on the summons and complaint, or other original process, or by the defendant or other party at his appearance by indorsing such demand in writing on the plea, or demurrer or other pleading." The defendant, having himself taken the appeal to the city court, was not entitled to any notice of the appeal. He brought himself into the city court by his own appeal, and no demand for a jury having been made when the appeal was taken, nor when it was sounded on the first Monday in December, and no notice of any demand for a trial by jury having been given or brought to the attention of the court until after the term of the court to which the appeal was taken had ended, the demand came too late.

The case was tried by the city court without a jury. Venue may be shown circumstantially, as well as by direct testimony.—*Tinney v. State,* 111 Ala. 74, 20 South. 597. Among other things, it was shown in evidence that the two policemen who made the arrest were members of the police force of the city of Anniston, that they were watching the defendant's place of business on Tenth street from the opposite side of the street; that

they saw Tony Ingram, who purchased the whisky. come out of the place of business and go toward Noble street. So, also, the testimony of Frank Williams showed that he lived in South Anniston; that he met Tony Ingram at the corner of Tenth and Noble streets on the morning that the defendant was arrested; that he had two bottles of whisky; that Tony Ingram walked down Tenth street toward the railroad; that he went to the car works. The evidence also tended to show that after the police officers saw the sale of the whisky by the defendant, and found Tony Ingram with the whisky, they went to the city hall and got a warrant for the defendant, and went then to his place of business and arrested him, and this took about 20 minutes. This was sufficient evidence to authorize the court to find that the offense was committed within the police jurisdiction of the city, which extended one mile beyond the city limits.

The case on appeal was triable de novo. In the city court the city filed a complaint alleging the violation of the city ordinance, setting same out in full. In the complaint the maximum fine of $500 was claimed. This was surplusage.—*Mayor of Talladega v. Fitzpatrick*, 133 Ala. 613, 32 South. 252. The court, upon finding the defendant guilty, awarded punishment of hard labor. This was authorized under section 19 of the act of February 18, 1895 (Acts 1894-95, p. 1062).

We have considered the rulings of the court on the admission of evidence, and find no reversible error to have been committed. The judgment of the city court will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.