# Pearson *v.* The State.

## *Murder.*

(Decided May 30, 1912. 59 South. 526.)

1. *Criminal Law; Venue; Proof.*—Evidence from which the jury can infer that the crime was committed within the jurisdiction of the court finding the indictment and trying the cause, is sufficient proof of venue, if so found by the jury; it is not necessary that venue be shown by direct proof.

2. *Same; Law or Fact.*—Where it is a question of a sufficiency of the evidence tending to prove venue, it is a jury question, but where there is no evidence or proof of venue, it becomes a question for the court.

3. *Same.*—The evidence in this case held sufficient to authorize a conclusion that the crime was committed within the jurisdiction of

the circuit court having criminal jurisdiction in certain parts of the county.

4. *Same; Determination.*—The appellate court will not interfere with the ruling of the trial court as to venue unless its ruling was invoked on the sufficiency of the evidence, and the court's action thereon made the ground of attack.

5. *Jury and Jurors; Separation Pending Trial; Effect.*—Where the defendant is being tried for murder in the second degree, the fact that after the commencement of the trial and the introduction of evidence, the jury was permitted, before verdict, to separate and mingle with the people about town before being charged, did not entitle the defendant to his discharge.

6. *Homicide; Instructions; Self Defense.*—Charges upon self defense which ignore the duty to retreat on the part of the defendant are properly refused, as it is the duty of one, when attacked, to retreat before taking human life, unless he thereby increase his danger.

7. *Same.*—A charge asserting that when a person is free from fault in bringing on a difficulty, and has no reasonable way of escape, and it reasonably appears that another is about to strike him with a rock the size of a man's fist, he is justified in striking in self defense, fails to explain how far one may go in striking in self defense, and was, therefore, properly refused.

8. *Same.*—Charges on self defense not predicated upon freedom from fault on the part of the defendant in bringing on the difficulty, are properly refused.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Joe Pearson was convicted of manslaughter, and he appeals. Affirmed.

The record shows a motion to discharge the defendant, because after the jury was selected and a considerable portion of the evidence had been introduced the jury were permitted to separate and go to their various boarding places, and mingle with and converse with other people in the town. These facts were admitted; but it was shown that they had not in any way discussed this case with any one. The defendant requested the court to give the following charges, which were refused:

(2) "The court charges the jury that if the defendant is free from fault in bringing on the difficulty between him and Phillip McKinney that he had a right to strike in self-defense, even to the extent of taking the

life of Phillip McKinney, if the conduct of Phillip Mc-
Kinney, at the time the defendant was struck, was such
as to reasonably lead the defendant to believe at the
time he was in danger of being struck by Phillip Mc-
Kinney with the rock testified to."

(3) "The court charges the jury that, where the de-
fendant is free from fault in bringing on a difficulty,
and his person is in great danger of receiving personal
bodily injuries from another, he is authorized and jus-
tified, under the law, in striking in self-defense of his
own life, even to the extent of taking human life."

(5) "The court charges the jury that if the defend-
ant was free from fault in bringing on the difficulty,
and if Phillip McKinney had a rock drawn on the de-
fendant in such manner as to reasonably lead the de-
fendant to believe, and did lead the defendant to be-
lieve, that McKinney was intending to throw the rock
and hit the defendant with it, and if McKinney was in
striking distance of the defendant, and if the rock was
of sufficient size to inflict great bodly injury on the de-
fendant, then the defendant will not be required to re-
treat before striking in self-defense, even to the extent
of taking the life of McKinney."

(6) "The court charges the jury that, if the defend-
ant was free from fault in bringing on the difficulty,
and if the conduct of McKinney was such as to reasona-
bly lead the defendant to believe, and the defendant did
believe, that McKinney was about to strike him with a
rock and do great bodily harm to his person, he was jus-
tified in striking in self-defense, even though you may
believe from the evidence that McKinney did not in-
tend to throw the rock."

(8) "The court charges the jury that a rock the size
of a man's fist, when thrown, or attempted to be thrown,
in striking distance of another, is of sufficient size to

constitute a deadly weapon; and a person in the act of being struck with such a rock would have a right to strike in self-defense, if free from fault in bringing on the difficulty."

(9) "When a person is free from fault in bringing on a difficulty, and has no reasonable mode of escape, and it reasonably appears to him that another is in the act of striking him with a rock the size of a man's fist, then such a person is justified in striking in self-defense."

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. Where a court has jurisdiction only of offenses committed in a limited part of the county, the burden is on the state to show that the offense for which the defendant is being charged was committed in that particular part of the county.—*Thompkins v. The State,* 55 South. 267. Under the statute, Acts 1907, pp. 216 and 735, this court's jurisdiction was limited, and as it was not shown that the crime was committed within the jurisdiction of the court, the defendant was entitled to the affirmative charge as requested.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The conduct of the jury was not such as to authorize the discharge of the defendant, but should have been made the ground of motion for new trial.—*Williams v. The State,* 45 Ala. 57; *Morgan v. The State,* 48 Ala. 65; *Robbins v. The State,* 49 Ala. 394; *Sanders v. The State,* 131 Ala. 1. For the same rule in other jurisdictions see.— 32 Kan. 559; 8 Neb. 80; 3 Minn. 427; 13 Minn. 370; 13 S. C. 459; 26 S. C. 125. The record discloses sufficient evidence from which the jury could infer that the crime was committed within the jurisdiction of the court trying the cause, and hence, the question of venue was one

for the jury, and this court will not interfere.—*Clark's Case*, 78 Ala. 474; *Tenney v. The State*, 111 Ala. 74; *Ragsdale v. The State*, 134 Ala. 24.

PELHAM, J.—The defendant was indicted for murder in the second degree, was convicted of manslaughter, and appeals.

It is conceded that it is not shown that the venue was proven. The jurisdiction conferred on the circuit court, when sitting at Goodwater, in Coosa county, trying criminal cases, is territorially limited to certain beats of the county (Local Acts 1907, pp. 216, 735); and, while it is conceded that the evidence showed that the offense was committed in Coosa county, at the home of one Chapman, about two miles from Goodwater, it is insisted that the general charge requested by defendant should have been given, because there was not sufficient proof of venue.

It is not an essential to prove venue that direct proof be made; it may be shown by circumstantial evidence. —*Harrison v. City of Anniston*, 156 Ala. 620, 46 South. 980; *Tinney v. State*, 111 Ala. 74, 20 South. 597. There may be sufficient evidence to prove venue, though there be no direct proof that the crime occurred in the county of the trial.—6 Mayfield's Dig. p. 910, § 21; *Glenn v. State*, 157 Ala. 12, 47 South. 1034. If there is evidence from which the jury could infer that the crime was committed in the jurisdiction of the court where the indictment was found, this is sufficient.—*Dupree v. State*, 148 Ala. 620, 42 South. 1004; *Tinney v. State, supra.*

There was sufficient evidence in this case, as shown by the testimony set out in the bill of exceptions, from which the jury could have fairly reached the conclusion that the crime was committed in the jurisdiction of the court. The question presented in this case is not one of

total absence of all evidence going to prove the venue, as presented by the case of *Tompkins v. State*, 1 Ala. App. 258, 55 South. 267, cited and relied upon by counsel for appellant. In that case we held that, where the record purporting to set out all of the evidence affirmatively showed that there had been an entire want of evidence going to prove the venue, and no testimony from which an inference could be drawn that the crime had been committed in the jurisdiction of the court, an exception to the finding and judgment of the court on the facts would present the question for determination of this court, just as a request for the general charge in a jury trial; and that "a total absence of proof of venue" must, when raised in that way, work a reversal of the case.

Where there is *no* proof of venue, it becomes, when properly presented, a question for the court to pass upon; but when it is a question of the *sufficiency* of the evidence tending to prove the venue it becomes a question for the jury, and this court will not interfere, unless the ruling of the trial court was invoked on the sufficiency of the evidence, and this ruling made the ground of attack.—*Hubbard v. State*, 72 Ala. 164; *Clarke v. State*, 78 Ala. 477, 56 Am. Rep. 45; *Ragsdale v. State*, 134 Ala. 24, 32 South. 674.

In this case no instruction was given, refused, or requested involving an inquiry into the sufficiency of the evidence going to prove the venue; and the bill of exceptions shows that there was evidence that the crime was committed in Coosa county, at the residence of a certain named and designated person, about two miles from Goodwater, the place where the courthouse is situated in which the trial was being conducted—sufficient facts, we think, to afford an inference, and to au-

thorize a conclusion by the jury, that the crime was committed within the jurisdiction of the court.

Counsel for the defendant, in their brief filed in this case, discuss no other question than that of venue; but we have examined and considered all of the other questions presented by the record and find no reversible error.

. The defendant was not entitled to his discharge because of the jury having been permitted to separate after the trial had commenced and before verdict.— *Williams v. State,* 45 Ala. 57; *Robbins v. State,* 49 Ala. 394.

Refused charges Nos. 2, 3, 6, and 8 ignore the defendant's duty to retreat. Charge No. 5 does not correctly state the law of retreat. It is the duty of one attacked to retreat before taking human life, unless thereby he increases his danger.

Charge No. 9 fails to explain or limit how far one may go in striking in self-defense, and might authorize the jury to believe that one may strike, even unto taking the life of another, when he was not in imminent peril of life or great bodily harm.

Charge A does not predicate the essentials of justification in striking the first lick, and is otherwise faulty. To be complete and put the court in error for its refusal, it would be necessary to predicate freedom from fault, and the defendant being under no duty to retreat.

The rulings on the evidence show no reversible error, and the cause will be affirmed.

Affirmed.