MALCOLM MCMULLEN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed February 24, 1919.

In a prosecution for larceny of hogs, the record in replevin proceedings wherein the possession of the hogs was awarded to the defendant as against the prosecuting witness, is admissible over an objection that it is irrelevant and immaterial.

A Writ of Error to the Circuit Court for Taylor County; M. F. Horne, Judge.

Judgment reversed.

*W. C. Hodges* and *Fred H. Davis*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *W. W. Trammell*, Assistant, for the State.

WHITFIELD, J.—At the trial of plaintiff in error for larceny of hogs, the court excluded, on the ground that it was irrelevant and immaterial, the record in an action of replevin the prosecuting witness had brought to recover the hogs from the defendant, in which action the

possession of the hogs was awarded to the defendant. If the defendant was entitled to the hogs, or if they did not belong to the prosecuting witness as alleged, the defendant could not legally have been convicted on the charge, therefore, the record referred to was both relevant and material to the issue being tried and should have been admitted as against the objections made to it.    See Charles v. State, 36 Fla. 691.

Reversed.

BROWNE, C. J., and TAYLOR, J., concur.

. ELLIS and WEST, JJ., dissent.

WEST, J., dissenting.—The State was not a party to the civil action involving the right of possession of the property with the larceny of which the plaintiff in error was charged and, that being true, in my opinion, the doctrine of *res inter alios acta* applies and is controlling.

The rule is stated in 8 Encyclopedia of Evidence as follows: "On a prosecution for larceny, the proceedings and judgment against the accused in a former action by the alleged owner of the stolen property are matters *inter alios acta,* and irrelevant to the issue involved." Edwards v. State, 69 Ga. 737; People v. Leland, 25 New York Supp. 943; Tinney v. State, 111 Ala. 74, 20 South. Rep. 597.

In the last cited case the defendant requested the trial court to give the following charge to the jury: "The court charges the jury that if they believe from the evidence that, at the time of the alleged larceny of the hogs described in the indictment, the defendant owned and

had the possession of the hogs, and further believe that the fact of such possession and ownership has been judicially ascertained by the circuit court of Shelby county, Alabama, then your verdict must be for the defendant."

The request was refused and the Supreme Court of the State is passing on the question said: "The proceedings and judgments before the justice of the peace, and, on appeal, in the circuit court, in the action of detinue prosecuted by Herring, in whom property is laid by the indictment here against Tinney, were matters *inter alios acta*, and foreign to the issues of the present case between the state of Alabama and said Tinney."

That case is directly in joint and the conclusion seems to be sound.

In the case of Charles v. State, 36 Fla. 691, 18 South. Rep. 369, cited in support of the majority opinion, it appears that the defendant had in his statement given an account of the proceedings which he had previously brought to secure possession of the property that he was alleged to have stolen. The proceedings had not been prosecuted to final judgment, but seemed to have been abandoned and the object in introducing the copy of the record was to rebut his claim of good faith. The court held that this evidence was not irrelevant and immaterial when offered for that purpose.

In that case the suit was brought by the defendant *before* the alleged taking by him which resulted in his prosecution upon a charge of the larceny of the property. In this case the civil action was brought against plaintiff in error *after* the taking by him of the property that he is charged with having stolen, and it seems to me that what may have occurred in a civil action after the alleged

taking in which the State was not a party, is not available to the defendant in a criminal prosecution for the purpose of showing his mental attitude at a prior date, that is to say, the date of the alleged larceny. Presumably all the evidence that was available to plaintiff in error in the civil action is available in his defense in the criminal prosecution, and, on the other hand, the State's case against him should not be prejudiced by the neglect or failure of a third party to produce and offer all the evidence which may be available in an action in which the State was not a party.

In this view of the case there was no error in excluding the evidence referred to, and the judgment should be affirmed.

ELLIS, .J, concurs in the above.