(126 So. 181)

## LAGLE v. STATE.   (6 Div. 657.)

Court of Appeals of Alabama.   Feb. 11, 1930.

Appeal from Circuit Court, Jefferson County; Gardner Goodwyn, Judge.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The conviction of this appellant, in the court below, was rested upon the first count of the indictment by the jury's verdict; the offense therein charged was that he distilled, made or manufactured alcoholic, or spirituous liquors, etc. The court sentenced him to an indeterminate term of imprisonment in the penitentiary, as the law provides.

The facts pertaining to the guilt or innocence of the accused were in conflict and presented a jury question.

The state's testimony tended to show: That during August of 1928 some four or five deputy sheriffs located a whisky still in Jefferson county, Ala., in the afternoon. That at the time they located the still it was not in operation nor was anybody present. That they laid in wait until some time about dark; when two of the officers left to go to Bessemer for the purpose of obtaining flash-lights and probably some supper, the remaining officers remained and concealed themselves near the site of the still. That after the two officers who had been to Bessemer returned to the other officers, they continued to wait until along somewhere about 8 or 8:30 o'clock and after dark. That they heard a knocking down in the direction of the still, and the officers went in various directions for the purpose of surrounding it. That one of the officers testified that on approaching within 15 feet of the still he saw this defendant take a flash-light and went around and put wood on the fire and the still was in full operation with whisky running therefrom; that one of the officers stepped on a stick and made a noise and this attracted the attention of the defendant, who flashed a flash-light on them, and that in turn they flashed their flash-lights on him, and when they did this defendant holloed "like a stuck pig," and they went up to him and arrested him, at which time he stated to the officers voluntarily, "You have caught me fair."

The defendant's testimony tended to show: That he was a man about 58 years old, that he did not own the premises on which the still was situated nor have any control over it, nor did he live near the still. That the still was located on Shades creek and that that afternoon late he and another man left their homes with fishing paraphernalia and went down to this creek for the purpose of fishing. That in going up the creek for the purpose of setting hooks out they ran across this still. That they walked up to within 10 or 15 feet of the still, and the officers threw their flash-light on them and they were arrested. Neither of the defendants ran nor attempted to run, and neither of the two defendants had gotten to the still, nor had either of the two defendants done anything there or in connection with the still, and denied having put wood on the fire or done anything whatever in connection with the still. That he had no knowledge, owner-

401

ship, control, or interest in it; did not know it was there; nor was he in any way making or manufacturing liquor. He also denied that he had stated to the officers "you have caught me fair."

Proposition 1, in appellant's brief, deals with the refusal by the court of the general affirmative charge which was requested upon the theory that the venue had not been proven, and the court's attention was called to this insistence in compliance with inferior and circuit court rule 35. 4 Code 1923, p. 907. The law is, in criminal cases, it is not necessary to prove in express terms that the offense was committed in the county (here subdivision of the county) where the indictment was found; evidence from which the jury could so infer is sufficient. Tinney v. State, 111 Ala. 74, 20 So. 597. Venue may be shown by circumstantial evidence as well as by direct testimony. Harrison v. Anniston, 156 Ala. 620, 46 So. 980; Dupree v. State, 148 Ala. 620, 42 So. 1004. We note from this record, however, there was direct testimony given by state witness Bascomb Vines that "the still was in Beat 41 of this (Jefferson) county." This court judicially knows that precinct 41 of Jefferson county is within the Bessemer division of the Jefferson circuit court, and that said court has jurisdiction of all offenses in said division. It is insisted that the testimony of said witness Vines was insufficient to prove the venue. In this we do not agree. The weight to be given this testimony and its probative force was for the jury. The charge in question was properly refused.

Charge 4 refused to defendant was not predicated upon the evidence; for this reason it was properly refused. Davis v. State, 188 Ala. 59, 66 So. 67; Edwards v. State, 205 Ala. 160, 87 So. 179; Wilson v. State, 20 Ala. App. 137, 101 So. 417. The proposition of law contained in this charge was covered fairly and substantially by the oral charge also. There was no error in the refusal of the charge.

The remaining points of decision are based upon exceptions reserved to the court's rulings upon the admission of evidence. Each of these exceptions have had our consideration. No reversible error appears in any of them. It is clearly apparent that no substantial right of the accused was infringed in this connection.

As stated, the controlling question involved upon the trial was one of fact. Without dispute it was conclusively shown by the evidence that whisky was being made upon the still in question, at the time of the arrest of this appellant at the still. From the evidence the jury decided that this appellant was guilty of this offense. We are of the opinion that the evidence adduced upon the

trial was ample to justify the jury in returning its verdict, and to support the judgment of conviction pronounced and entered.

Affirmed.