150 So. 914

## JONES v. FIELDS.

### 6 Div. 500.

Court of Appeals of Alabama.
Oct. 31, 1933.

Rehearing Denied Nov. 21, 1933.

Ingram Beasley, of Birmingham, for appellee.

Basil A. Wood, of Birmingham, for appellant.

SAMFORD, Judge.

The plaintiff filed suit to enforce a contractor's lien or a materialman's lien on lot No. 325, Sixty-Second street, Fairfield, in the county of Jefferson and state of Alabama.

The complaint was in two counts, one for work and labor done, and one for material furnished, and both averred a lien on the above-described property. The cause proceeded to judgment in the Bessemer division of the circuit court of Jefferson county, ascertaining the amount due and condemning the described property to the satisfaction of the judgment. The appeal is from the judgment on the record and without bill of exceptions.

◼ The contention is here made that where the action is in rem the facts averred in the complaint must be sufficient to show jurisdiction of the court over the res. We recognize the rule as stated in Gill v. More, 200 Ala. 511, 76 So. 453. We are also conversant with the expressions in the case of Wadsworth v. Hodge, 88 Ala. 500, 504, 7 So. 194, 195, where, dealing with an action to enforce a materialman's lien on the property of a married woman, Somerville, J., said: "The enforcement of such a lien is in the nature of a proceeding in rem, rather than one in personam, especially as against the estates of married women." We take it that the limitations to a proceeding in rem would not apply where the action was against one sui juris. We think that the rule is better stated in McGeever v. S. H. Harris & Sons, 148 Ala. 503–507, 41 So. 930, 932, where it is said: "The judgment appealed from is in personam and in rem. This was entirely proper, provided the evidence sustained the findings of a personal liability * * * and that plaintiffs have a lien upon the property sought to be subjected." Code 1923, § 8848.

The action being in personam and in rem, and the description of the property being in accordance with the requirements Code 1923, § 8843, and the court having acquired jurisdiction of the person, the demurrer was properly overruled.

◼ The property upon which the lien is claimed is as follows:

"The plaintiff claims a lien upon the following described real estate situated in Jefferson County, Alabama, to-wit: House and lot known as 325—62d Street, in the city of Fairfield, Alabama, both as to the land and the buildings situated thereon for work and labor done on said premises as contractor at the request of defendant, to secure said past due sum.

"Plaintiff further avers that the defendant is the owner of the above described property."

This is a sufficient description. Vesuvius Lbr. Co. v. Ala. Fid. Mortgage & Bond Co., 203 Ala. 93, 82 So. 107. Authorities cited by appellant are not in point.

◼ It is insisted that this court takes judicial notice of the territorial jurisdiction of the circuit court at Bessemer, and so it does. It also takes judicial notice of the boundaries of Fairfield, it being an incorporated city, but it does not take judicial notice of the location of 325 Sixty-Second street, Fairfield, and there is no evidence to show that 325 Sixty-Second street, Fairfield is beyond the territorial jurisdiction of the Bessemer division of the circuit court of Jefferson county. Anderson v. City of Ocala, 67 Fla. 204, 64 So. 775, 52 L. R. A. (N. S.) 287. We do judicially know that Fairfield is an incorporated town or city, and we take notice of its boundaries. We also judicially know that at least a part of the territory of Fairfield is within the jurisdictional territory of the Bessemer division of the circuit court, and in the absence of a plea and evidence on the subject we must hold that the circuit court had evidence to support its judgment.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.