29 So.2d 330

**ARMSTRONG v. STATE ex rel. EMBRY.**

7 Div. 893.

Supreme Court of Alabama.

March 6, 1947.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for appellee.

Roberts, Cunningham & Hawkins, of Gadsden, for appellant.

42

LAWSON, Justice.

This is a proceeding in equity instituted by the State on relation of the Solicitor of the Sixteenth Judicial Circuit, under the authority of § 247 et seq., Title 29, Code 1940, to condemn one Buick automobile alleged to have been used in the illegal transportation of prohibited liquor.

From a decree of condemnation, J. D. Armstrong, operator of the car and defendant in the cause, has prosecuted this appeal.

The bill was filed in the equity court of Etowah County and charged in part as follows: "That on, to-wit: December 2, 1944, the said J. D. Armstrong was operating and driving one 1941 model Sedanette Buick Automobile, motor number 44263691, Tag number 31D-769; that in Etowah County, Alabama the said J. D. Armstrong was on the date above referred to using said automobile and operating it in the transportation of illegal whiskey or beverages from one point in the State of Alabama to another point in the State of Alabama; that at the said time and place hereinabove referred to that said officers seized said automobile while it was being so used in the transportation of one quart of Tennessee Bonded whiskey, a part of which was alcohol, and while it was being so used the said automobile was then and is now subject to condemnation and forfeiture under the law and under Sections 247, 248 and subsequent Sections of Title 29 of the Code of Alabama 1940."

Demurrer filed by Armstrong was overruled by the trial court. On appeal from the decree overruling the demurrer, we affirmed the trial court in the case of Armstrong v. State ex rel. Embry, 248 Ala. 124, 26 So.2d 874.

Thereafter Armstrong filed an answer in the following language: "Comes the defendant and for answer to the Bill of Complaint filed in this cause denies each and every allegation contained therein and demands strict proof thereof."

The case was submitted on testimony taken orally before the register. The State submitted on the bill of complaint and the testimony of two witnesses, M. T. Mashburn and J. S. Bankson. The defendant offered no testimony and submitted on his answer.

The testimony of Mashburn and Bankson, in so far as it is material to the questions presented on this appeal, may be summarized as follows: That on December 2, 1944, they were deputies of the sheriff of Etowah County, Alabama; that at 11:45 p. m. on that night they were in front of the Elite Club, which is a night club or roadhouse located on the Piedmont public highway "leading from Gadsden to Piedmont"; that at that time they saw the defendant Armstrong, drive the Buick automobile here involved from the "Piedmont Highway leading from Gadsden to Piedmont" into the parking lot of the Elite Club; that after Armstrong stopped the car the officers searched it and found in the glove compartment thereof "one quart of Georgia stamped whiskey," on which the seal had not been broken; that at the time the whiskey was taken from the automobile, Armstrong lived on Sudie Avenue in Alabama City, Etowah County, and that he was a resident of Etowah County at the time this proceeding was instituted.

The trial court in its decree of condemnation found:

"(1) that on the 2nd day of December, 1944, in Etowah County, Alabama, M. T. Mashburn, who was then and there Chief Deputy Sheriff of Etowah County, Ala-

bama, and J. S. Bankson, who was then and there a Deputy Sheriff of Etowah County, Alabama, did then and there seize certain property, to wit: One 1941 model Sedanette Buick Automobile, Motor number 44263691, Tag Number 31D-769, and one (1) quart of prohibited liquor or beverage.

"(2) that at the time of such seizure said automobile was in the possession or under the control of the defendant, J. D. Armstrong, and that at said time and place said J. D. Armstrong was illegally conveying and removing contraband whiskey from one point in the State of Alabama to another point in the State of Alabama and in the County of Etowah, in violation of law as averred in the bill of complaint."

Appellant here insists that the decree of the trial court should be reversed for the following reasons: (1) That § 247 et seq., Title 29, Code of 1940, the statutes under which this proceeding was brought, as applied to this case violate the equal protection clause of the Fourteenth Amendment to the Federal Constitution; (2) that there is a fatal variance between the allegations of the bill and the proof in that the bill alleges the illegal transportation of Tennessee bonded liquor, while the proof shows that the liquor seized was "Georgia stamped whiskey"; (3) that the evidence does not show that the seizure took place in Etowah County, in which county this proceeding was instituted.

We will deal with appellant's contentions in the order in which they are set out above.

■ The constitutional question was decided adversely to appellant's insistence on the first appeal in this case. Armstrong v. State ex rel. Embry, Ala.Sup., 26 So.2d 874. We are of the opinion that the conclusion therein reached is correct.

■ The bill of complaint charged that the defendant, Armstrong, was using the said automobile in the "transportation of illegal whiskey or beverages" and that at the time the officers seized the said automobile it was being used "in the transportation of one quart of Tennessee Bonded whiskey." The proof shows that the officers seized "one quart of Georgia stamped whiskey." Appellant insists that this variance between the allegation of the bill and the proof requires a reversal. It seems to us that such variance is insufficient to prevent a decree of condemnation. It cannot be said to have resulted in surprise to the defendant on a material matter, nor do we see how he could have been prejudiced or injured by it. The bill of complaint does not seek a decree of condemnation as to the whiskey which was seized, but as to the automobile which transported the whiskey. If other elements of the offense are shown, the automobile would be subject to condemnation if the proof shows the transportation of whiskey and it matters not whether the whiskey originally came from Georgia or Tennessee. This discrepancy between the allegation and proof is in our opinion an immaterial variance. Eldridge v. Turner, 11 Ala. 1049; Locke's Executor v. Palmer et al., 26 Ala. 312; Offutt et al. v. Scott, 47 Ala. 104, 131. The variance in this case is clearly distinguishable from that considered in the case of Williams v. State, 215 Ala. 546, 112 So. 114, which was held to be fatal.

Appellant next contends that the evidence does not show that the transportation and seizure took place in Etowah County, as alleged in the bill of complaint, and that therefore the cause must be reversed.

■ The evidence shows that the transportation and seizure took place at or near the Elite Club, which club is located on the public highway leading from Gadsden to Piedmont. We judicially know that Gadsden is in Etowah County and that Piedmont is in Calhoun. But the evidence does not expressly show that the Elite Club is located on that part of the highway within Etowah County or that portion within the boundaries of Calhoun County. Nor can judicial notice be taken of the county in which the said Elite Club is located. Jones v. Fields, 25 Ala.App. 570, 150 So. 914; Martin v. State, 19 Ala.App. 251, 96 So. 734.

■ However, it was not necessary to prove in express terms that the transporta-

tion and seizure took place in Etowah County. Venue, as any other fact, may be established by either direct or circumstantial evidence, and the proof is sufficient if, from the facts and circumstances adduced, it can be reasonably inferred. Tinney v. State, 111 Ala. 74, 20 So. 597; Harrison v. City of Anniston, 156 Ala. 620, 46 So. 980.

■ In addition to the fact that the evidence shows that the place where the transportation and seizure took place was on a highway leading from Gadsden to Piedmont, which fixes the location in either Etowah or Calhoun County, it is further shown that the officers who made the seizure were officers of Etowah County and in the discharge of their duties as such were awaiting the arrival of the defendant at the said Elite Club, having previously received information that he would be there; and that Armstrong was at the time a resident of that county. We believe that this was sufficient evidence to authorize the court to find that the transportation and seizure took place in Etowah County. This conclusion is, we think, supported by the case of Harrison v. Anniston, supra, from which we quote: "The case was tried by the city court without a jury. Venue may be shown circumstantially, as well as by direct testimony. Tinney v. State, 111 Ala. 74, 20 So. 597. Among other things, it was shown in evidence that the two policemen who made the arrest were members of the police force of the city of Anniston; that they were watching the defendant's place of business on Tenth street from the opposite side of the street; that they saw Tony Ingram, who purchased the whisky, come out of the place of business and go toward Noble street. So, also, the testimony of Frank Williams showed that he lived in South Anniston; that he met Tony Ingram at the corner of Tenth and Noble streets on the morning that the defendant was arrested; that he had two bottles of whisky; that Tony Ingram walked down Tenth street toward the railroad; that he went to the car works. The evidence also tended to show that after the police officers saw the sale of the whisky by the defendant and found Tony Ingram

with the whisky, they went to the city hall and got a warrant for the defendant, and went then to his place of business and arrested him, and this took about 20 minutes. This was sufficient evidence to authorize the court to find that the offense was committed within the police jurisdiction of the city, which extended one mile beyond the city limits."

Having concluded that the evidence was sufficient to warrant the trial court's finding that the transportation and seizure took place in Etowah County, it is unnecessary for us to here consider the question as to whether a failure to make such proof would have required a reversal of the decree of the trial court.

It results, therefore, that the decree appealed from is free from error and is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.