The defendant was indicted in a two count indictment with theft of property in the second degree and with receiving stolen property in the second degree. A jury found him guilty of receiving stolen property as charged in the second count.
The jury's verdict operated as an acquittal of the defendant for the theft of the ring as charged in count one of the indictment. Jacobs v. State, 28 Ala. App. 585, 190 So. 295
(1939).
 I
The defendant argues that the State failed to prove venue of the charge of receiving stolen property in Cullman County. It is undisputed that the ring was stolen in a robbery which occurred in Cullman County. The ring was recovered from an individual who purchased the ring from the defendant in Morgan County.
Johnny Nesmith, an investigator for the Department of Public Safety, testified that in his investigation of the case he questioned the defendant at the Hartselle Police Station in April of 1980. After knowingly and intelligently waiving his constitutional rights, the defendant told Nesmith that he won the ring in a poker game in Vinemont. We take judicial notice that Vinemont is located in Cullman County. Barbee v. State,395 So.2d 1128 (Ala.Cr.App. 1981).
In a criminal case, proof of venue is sufficient if it can be reasonably inferred by the jury from the facts and circumstances adduced. Allen v. State, 374 So.2d 447
(Ala.Cr.App. 1979); Tanner v. State, 37 Ala. App. 256,66 So.2d 827, cert. granted, 259 Ala. 306, 66 So.2d 836 (1953). Venue need not be proven by direct evidence, but evidence from which venue may be inferred is sufficient. Goodwin v. State,27 Ala. App. 493, 175 So. 415 (1937). Venue may be established by the testimony of one witness. Wilson v. State, 384 So.2d 1243
(Ala.Cr.App. 1980).
Consequently, we hold that the evidence was sufficient to prove that the venue for the charge of receiving stolen property was in Cullman County. Even if receiving stolen property is not considered ambulatory under Alabama Code 1975, Section 15-2-9, see the special concurrence of Judge Bookout in which Judge Bowen joined in Kilpatrick v. State, 383 So.2d 863,867 (Ala.Cr.App.), cert. denied, 383 So.2d 867 (Ala. 1980), the venue was properly and sufficiently proven in this case.
 II
The defendant also argues that the trial court erred in denying his motion to exclude the State's evidence as to count one of the indictment charging theft because the State failed to introduce any evidence to connect the defendant with the theft of the stolen property.
In this case the jury found the defendant guilty as charged in count two of the indictment. It did not return a general verdict.
The correct proposition of law supported by those cases cited by the defendant is:
 "When a general verdict is returned in a case where the evidence is sufficient to support one or more counts in the indictment, *Page 1005 
but insufficient to support others, and the affirmative charge as to those unsupported counts is refused, such action by the trial court is reversible error. Jones v. State, 236 Ala. 30, 33, 182 So. 404
(1937); Hawes v. State, 216 Ala. 151, 152, 112 So. 761 (1927); Stover v. State, 36 Ala. App. 696, 698, 63 So.2d 386 (1953)." Nicholson v. State, 369 So.2d 304, 306 (Ala.Cr.App. 1979).
Although the defendant cannot be convicted of both the theft of and the receiving of stolen property where the property is the same, Davidson v. State, 360 So.2d 728 (Ala.Cr.App.), cert. denied, 360 So.2d 731 (Ala. 1978), where the evidence affords a reasonable inference that he is guilty of one or the other, the court must submit the question of the sufficiency and weight of the evidence tending to support that inference to the jury and let them decide of which crime the defendant is guilty. Thomasv. State, 389 So.2d 552, 555 (Ala.Cr.App. 1980).
Any error in refusing to direct an acquittal as to one count is harmless where the jury acquits thereon. Hamilton v. State,270 Ala. 184, 116 So.2d 906 (1960); Treadwell v. State,168 Ala. 96, 53 So. 290 (1910).
We have searched the record and found no error prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.