84 So.2d 669

John David HUMPHRIES

v.

STATE.

6 Div. 229.

Court of Appeals of Alabama.

Jan. 10, 1956.

Bland & Bland, Cullman, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

BONE, Judge.

The appellant, John David Humphries, was tried and convicted in Cullman County for the offense of carnal knowledge of a girl over the age of 12 and under the age of 16 years. Appellant's motion for a new trial was overruled, and appeal was taken to this court.

The evidence for the State tended to show that on the night of December 15, 1954, the appellant, who was 17 years of age, had sexual intercourse with the prosecutrix, who was 14 years of age. The act took place in a secluded part of Cullman County in the back seat of an automobile. On the way back to Arab, Alabama, the automobile stalled and prosecutrix left it. She went to the home of Herschel Jones and made complaint. She was taken to Arab by Mr. Jones and made complaint there to the police. Upon her arriving at

-her home she made complaint there to her mother.

The defendant did not testify in his own behalf, and the sufficiency of the evidence is not disputed by counsel for appellant.

The appellant in brief relies mainly upon remarks made by the solicitor, questions asked by him, and the conduct of the solicitor during the trial. The appellant contends that the questions and remarks of the solicitor so prejudiced the minds of the jury that the appellant could not and did not get a fair trial. The remarks and acts of the solicitor will be discussed in detail.

At the beginning of the trial and before the jury was selected the solicitor asked the following question of the prospective jurors: "Do any of you gentlemen know the widow, Mrs. Mary Elrod?" Mrs. Mary Elrod was the mother of the prosecutrix. Upon timely objection by the attorney for appellant, the learned trial judge had this to say:

"Gentlemen, it doesn't make any difference whether she was a widow or was married, or not, or ever was married. I don't think it will have any effect on the ones selected to try the case; they will be governed by the law and the evidence from the witness stand, and would not be affected by the remark of counsel."

The solicitor in his opening remarks to the jury made this statement: "These two rapists assaulted her." Objection was made and motion to exclude this remark was granted.

Upon examining the prosecuting witness, the solicitor asked the following: "Is your father living?" Objection was made and sustained.

The next question was as follows: "I'll ask you this: if your mother is not a widow with nine children?" Appellant's attorney objected and made a motion for a mistrial. The objection was sustained, and the trial judge instructed the jury to disregard the question. The motion for a mistrial was overruled.

Later in the trial the prosecutrix was asked this question by the solicitor: "You could smell it strong on their breath and you sitting up there an orphan child?" Objection was made and motion to exclude was granted.

This question was asked: "As you ran from these two rapists?" Objection was made and sustained. The jury was instructed and motion for a mistrial denied.

Further in the examination of the prosecutrix this question was asked: "You told your widowed mother first?" Objection was made and sustained, and the jury was again instructed by the trial judge.

Later the following question was asked: "And your widowed mother carried you to the doctor?" Objection was made, and there was no ruling from the court.

In all, the mother of the prosecutrix was referred to as a widow seven times by the prosecution. The prosecutrix was referred to as an orphan on two separate occasions, and in the closing argument the prosecutrix was referred to by the solicitor as being fatherless.

The appellant contends that the cross-examination by the solicitor of appellant's witness Frank Whisenant was highly prejudicial. The following took place during the cross-examination of this witness:

"Q. How many times have you been convicted of burglary, going in stores of other people in this circuit?

"Mr. Bland: We object.

"The Court: Objection sustained, because it confines it to going into stores in this circuit.

"Q. How many times have you been convicted of burglary in your lifetime?

"Mr. Bland: We object.

"The Court: Objection overruled.

"Mr. Bland: We except.

"Q. Getting your hands on other people's property.

"Mr. Bland: We object.

"The Court: Objection sustained.

"Q. How many times have you been convicted of burglary? The Judge says you can answer. A. Only twice.

"Q. And you're seventeen years old.

"Mr. Bland: We object.

"The Court: Objection sustained.

"Q. How many cases were nol prossed against you?

"Mr. Bland: We object.

"The Court: Objection sustained.

"Q. Whose places did you burglarize?

"Mr. Bland: We move for a mistrial. We object and move for a mistrial on the grounds that the Solicitor is trying to prejudice the minds of the jury.

"Mr. Johnson: I wouldn't have brought a burglar and put him here in this court before this jury.

"The Court: Gentlemen of the jury, they have the right to show a man has been convicted of something, but they have no right to comment on whose store they went into, and they have no right to call him a burglar, and any reference is out of place, and you will not consider it. The fact that he has been convicted of a felony has something to do with credibility; it's a question of whether you would be more likely to believe his story, and that alone."

The appellant further contends that because of the cross-examination of the witness for the appellant Hobert Bolding the rights of the appellant were prejudiced. The following questions were asked by the solicitor of this witness:

"Q. I'll ask you if you didn't go to this widow's house, and you and your mother didn't have this conversation, or your mother, there in your presence * * *

"Mr. Bland: We object.

"Q. And if she didn't say this, in substance, that you all (speaking of herself and your family), that you all would like to pay this girl's way to Florida to try to get her out of the state, that you would like to pay her way to Florida, would like to pay to the Elrods some money to settle this case, you would rather pay your money out like that than to lawyers?

"Mr. Bland: We object.

"The Court: Objection sustained. Gentlemen of the jury, there is no evidence before you that this defendant has ever participated in any such thing, and you will be doing an injustice to the defendant, if you consider that question.

"Mr. Earney Bland: We move for a mistrial, on account of the question the Solicitor has asked.

"The Court: Motion overruled.

"Mr. Bland: We except.

"Mr. Ralph Bland: We assign as grounds for the motion for a mistrial that the question, as propounded, was prejudicial to this defendant.

"The Court: Motion overruled.

"Mr. Bland: We except.

"Q. I'll ask you whether you tried to get her out of the State of Alabama to keep her from testifying in this case.

"Mr. Bland: We object.

"The Court: The only question is the interest and bias in this case here.

"Q. And if you wasn't present when it was done?

"Mr. Ralph Bland: We have an objection before the Court.

"The Court: Objection sustained."

The trial judge, by his rulings, undertook to avert some of these prejudicial and erroneous matters, but, in our opinion, it was impossible to do so, the jury having heard and seen all that had occurred in this connection. What this court said in the case of Cassemus v. State, 16 Ala.App. 61, 75 So. 267, 268, is particularly applicable here:

"A defendant is entitled to a fair trial by jury according to the law and the

evidence, and such trial should be free from any appeal to prejudice or other improper motive. It would appear that the learned and upright judge before whom this trial was conducted did all in his power to right the wrong occasioned by the improper and untimely remarks of the solicitor; it cannot, however, be seriously doubted but that the poison that had been injected would be difficult to eradicate; and in this case, when all the facts are taken into consideration, it does not clearly appear that a perfectly fair trial, without undue burden, prejudice, and bias, was accorded the defendant, and therefore the court was in error in overruling defendant's motion for a new trial."

The trial judge in this case below exercised great patience and in most instances instructed the jury at length to disregard the improper remarks of the solicitor, but it is our duty to see that jury trials are conducted free from prejudice or passion and that, so far as is possible, a conviction is obtained in an impartial atmosphere.

■ Considering the cumulative effect of all the statements made by the solicitor, we are of the opinion that no remarks by the court could eradicate this atmosphere of prejudice. This is not justice, and prejudicial error has been shown. Kabase v. State, 244 Ala. 182, 12 So.2d 766; Pointer v. State, 24 Ala.App. 23, 129 So. 787; Blue v. State, 246 Ala. 73, 19 So.2d 11.

It is the further contention of the appellant that reversible error was committed when, in proving that a complaint was made by the prosecutrix, the trial court went too far in allowing a statement made by the prosecutrix outside of the presence and hearing of the defendant. She testified as follows: "When I went in the house I was still crying, and she asked me was those boys mean, and I told her, 'Yes', I'd been fighting for two hours over it." At this time the defendant was in his automobile in front of the house where the complaint was made.

Later, when the prosecutrix was taken to Arab by Mr. Jones, she made complaint to a police officer there. He was allowed, over objection by counsel for the appellant, to testify that her arm was discolored and that she pointed out the defendant to him.

She testified that upon her arrival at home she made complaint to her mother. She stated she told her mother just what she had testified to in this case and that she and her mother examined her clothes and body, and there was blood on her pants, slip, and body.

■ It is not improper for the State to show that a complaint was made. Arrington v. State, 253 Ala. 178, 43 So.2d 644. However, this should not include the details of what occurred nor the name of the accused. Curry v. State, 23 Ala.App. 140, 122 So. 303; Taylor v. State, 20 Ala.App. 161, 101 So. 160; McCluskey v. State, 35 Ala. App. 456, 48 So.2d 68.

For the reasons stated, the judgment of the lower court is ordered reversed and the cause remanded.

Reversed and remanded.