98 So.2d 625

**John David HUMPHRIES**

**v.**

**STATE.**

**6 Div. 452.**

Court of Appeals of Alabama.
Nov. 19, 1957.

Bland & Bland, Cullman, for appellant.

because of the cumulative prejudicial effect of the solicitor's examining and cross examining, 38 Ala.App. 388, 84 So.2d 669.

Tried anew to a jury, Humphries was, on August 29, 1956, found guilty with his punishment to be two years in the penitentiary. His motion for a new trial seasonably filed was overruled September 29, 1956. The cause was submitted here without oral argument February 21, 1957.

Viewed from the verdict, the State presented a case showing that:

The prosecutrix, a girl of 14, lived "down by Hulacco" some 6 or 7 miles from Arab. She had known Humphries for three or four months and had gone by car on three dates (never alone) with him to the movies in Arab.

On Wednesday night, December 15, 1954, around 7:30 or 8:00 o'clock, Humphries, Frank Whisenant and Nelda Ann Marion called by to take prosecutrix to "the show at Arab." After this they went by for another boy, Hobert Bolding, and thence to Whisenant's house where he went in and got part of a pint of whiskey. The group then drove to Schofield Hollow some two miles away where Bolding and Humphries drank the whiskey. That done they drove off, and after one other short stop made their way into the City of Arab where Nelda Ann and Frank Whisenant got out of the car and went to a movie. There was some testimony that, as Bolding drove the car away, the prosecutrix, who testified she was being held by Humphries, cried out to get Bolding to stop.

The three drove down the "road to Birmingham" (presumably U. S. 231) some short distance, and went off to the east on a dirt road that led to a creek and stopped in a wooded area some 100 yards from the creek which was the Cullman County line. Though the alleged offense was undisputedly committed in Blount County, the scene being less than a quarter of a mile from the line, venue was proper in Cullman County, Code 1940, T. 15, § 95.

John Patterson, Atty. Gen., and Robt. G. Kilgore, Jr., Asst. Atty. Gen., for the State.

**CATES, Judge.**

The first trial of this cause was, on former appeal, held infected with error

The prosecutrix testified that Humphries got her into the back seat by a trick in promising that they would start up the car and leave if she would join him there. Once she was in the back, the boys locked the front and back doors of the car. Then, while Bolding was holding her arms, Humphries had sexual intercourse with her against her consent.

Apparently some trouble with the automobile intervened to divert Bolding. The car, after going a short way, went dead when it got up to a nearby farm house, and the prosecutrix jumped out, ran up on the porch, and rapped on the front door which was opened by Mrs. Hershel Jones. Mrs. Jones did not testify, but her husband took the stand and told how this fourteen year old girl appeared in his living room that night, standing before the fire with her dress torn, weeping.

Mr. Jones drove her to Arab where he got a policeman who rounded up the other four of the original group and went over the prosecutrix' complaint at the police station. When asked if she wanted Bolding and Humphries locked up, she replied she would have to see her mother and get her to help.

Humphries was arrested by two deputies and a highway patrolman, who picked him up on a warrant taken out by the girl's mother. Humphries led the officers to the scene and told them that he had intercourse with the prosecutrix with her consent. This statement was admitted only after the proper predicate for a confession had been laid. Bolding, a witness for the defense, verified this statement as having been made in his presence.

No question is raised here that the State has not adduced proof of the gravamen of the offense denounced under Code 1940, T. 14, § 399—carnal knowledge of a female twelve to sixteen years by a male sixteen or upwards—for which Humphries was indicted, tried, convicted and sentenced.

■. Claiming substantial error to his prejudice, Humphries here first complains of the trial judge letting the State impeach its own witness, i. e., Dr. E. B. Barnes, who had examined the girl in December, 1954, though he could not recall the date. He was certain that the girl had had intercourse, but could not give an estimate of how many days beforehand.

On redirect the solicitor tried to refresh the witness' recollection by confronting him with his testimony on the first trial. This brought answers such as, "I think that is correct," "I feel certain the record is correct," "Jack, I think it would be only fair if—," "Well, Jack I just—." Whereupon, the trial judge announced:

"I am going to declare this a hostile witness so go ahead."

All that was said by Judge Carr, after remandment, in Jarrell v. State, 35 Ala.App. 256, 50 So.2d 767, applies here and is authority against error.

■ Next we are asked to reverse because, over defendant's objection, the prosecutrix was allowed to answer, "I will ask you if it is true that you don't have a father." The theory of error put to us is that the question seeks nothing relevant to the offense but rather is meant to arouse sympathy for her.

Early complaint is corroborative of testimony as to rape or statutory rape. A father or mother would be the most likely one to whom a girl would go. To show that she had no father, while of slight value, is nevertheless probative and hence admissible.

■ When she got home that night, the prosecutrix woke her mother and made complaint. No further details of the conversation were received. This was without error; for authorities, see this court's opinion on first appeal, 38 Ala.App. 388, at page 392, 84 So.2d 669, at pages 672–673. On being asked, "Did you tell her exactly what you have told this jury?" she answered, "Yes." This we consider not to be a detailing of the complaint. There can

be no error in this, since what she had told the jury was already received. Had her mother tried to relate details, we should have error.

 Citing the principle that, while medical opinion evidence may be founded on a patient's statement to the physician, yet the patient's statement as related by the witness cannot go into "responsibility for the injury," the defendant claims error in the following answer of Dr. Barnes on direct examination:

"A. I assumed from medical history that the girl had had some rough treatment, and had been forced to have sexual intercourse some 24 hours or maybe the afternoon before somewhere out near the edge of the county, but I don't remember which direction.

"Mr. Ralph Bland: We make a motion to exclude that statement.

"Court: Overruled."

We do not infer that the defendant was thereby associated with rough treatment or with forcing the girl to have intercourse. We construe Judge Bouldin's use in Lowery v. Jones, 219 Ala. 201, 121 So. 704, 706, 64 A.L.R. 553, of "responsibility for the injury" to mean identifying the person whom the patient claimed to be responsible for causing the injury. See Alabama Power Co. v. Edwards, 219 Ala. 162, 121 So. 543; discussion in Taylor v. Atlantic Coast Line R. Co., 232 Ala. 378, at page 381, 168 So. 181, at page 183; and McElory, Law of Evid. in Ala., § 110.

 On cross examination of Bolding, the following occurred:

"Q. You pled guilty to an assault and battery in this case, did you not, in this same case?

"Mr. Ralph Bland: Now, we object to that question and make a motion for a mis-trial at this point. This solicitor knows that is not a legal question.

"Court: Overruled.

No answer was made to the question, and thereafter the judge addressed the jury:

"Court: That statement as made in answer to the question propounded by the solicitor is not evidence in this case and you are not to consider that, you are not to consider any part of that in arriving at a fair and just verdict in this case. You are not to consider that answer in any way in arriving at your verdict."

Assault and battery does not involve moral turpitude, Gillman v. State, 165 Ala. 135, 51 So. 722; therefore, it was proper to sustain the objection which we consider the trial court did, in effect, by its instruction. See Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564. Alternatively, the failure of the record to show any answer is by itself enough to say there is no error to review.

We have searched the record and find it free of error to the defendant's prejudice. Accordingly, the cause is due to be affirmed.

Affirmed.