PER CURIAM.
The appellant, Grady Ellis Magouirk, was convicted by a jury in the circuit court of Calhoun County, where he was charged by complaint of the District Attorney with the offense of using nets for commercial fishing purposes in impounded public waters of Alabama in which Morone Saxatilis, commonly known as saltwater striped bass, have been stocked, in violation of Regulation A-719 promulgated by the Commissioner Department of Conservation and Natural Resources of the State of Alabama, and sentenced to pay a fine of seventy-five dollars ($75.00), and court costs, from which he appealed to this Court.
Appellant is now and was at all proceedings in the lower court represented by counsel employed by him. This cause was submitted to this Court on brief of appellee.
Upon the State resting its case the appellant moved to dismiss the complaint because the evidence shows that the offense, if there be any, occurred not in Calhoun County, but in St. Clair County. The court overruled the motion to dismiss.
The appellant then rested his case without offering any evidence, and requested the following charge:

“Defendant’s Charge No. 1

I charge you members of the jury that, if you believe from the evidence that the *169 offense charged in the complaint occurred in St. Clair County, Alabama then you should acquit the defendant.”
Appellant’s Charge No. 1 was refused by the court.
The undisputed evidence is that the offense occurred on the waters of the Coosa River, between Calhoun County and St. Clair County, in the State of Alabama, about four or five miles below Henry Neely Dam, and above Logan Martin Dam, where the river is approximately 600 feet wide, and 15 yards from the bank on the St. Clair County side of the river. The question presented to this Court by this record is: Was venue in Calhoun County, or St. Clair County, or both?
This Court takes judicial knowledge of the fact that the west boundary line of Calhoun County and the east boundary line of St. Clair County is the thread of that portion of the Coosa River running between St. Clair County and Calhoun County. St. Clair County v. Calhoun County, 266 Ala. 177, 94 So.2d 777.
Venue statute reads:
“Offense committed on or near county boundary. — When an offense is committed on the boundary of two or more counties, or within a quarter of a mile thereof, or when it is committed so near the boundary of two counties as to render it doubtful in which the offense was committed, the jurisdiction is in either county.” Code 1940, Title 15, Sec. 95.
We hold that even though the alleged offense was undisputedly committed in St. Clair County, the scene of the crime being less than a quarter of a mile from the county line, venue was proper in either Calhoun or St. Clair County. Humphries v. State, 39 Ala.App. 316, 98 So.2d 625. The lower court did not err in overruling the appellant’s motion to dismiss the complaint, and in refusing to give appellant’s requested Charge No. 1.
After the trial court instructed the jury, and before the jury retired to make up its verdict, the following occurred:
“MR. WILLIAMS: (Attorney for appellant) Your Honor, we except to that portion of the Court’s charge concerning the boundaries of the alleged offense charged with respect to the site of the alleged offense, which is unknown or in doubt. And we further except to that portion of the Court’s charge as to what constitutes commercial fishing.”
The proper way to reserve an exception to part of an oral charge is to recite what the court said, or the substance thereof. Smith, Jr. v. State, 53 Ala.App. 657, 303 So.2d 157. The above objection is merely descriptive and by reference only, and is not sufficiently specific to meet the requirements of the rule. Winn v. State, 38 Ala. App. 156, 79 So.2d 75; Hunter v. State, 38 Ala.App. 351, 83 So.2d 737. The foregoing objection to the oral charge presents nothing to this Court for review.
The validity of the regulation the appellant was convicted under has been upheld by a clear and concise opinion written by Honorable John O. Harris of this Court. Sanders and Bernard Ray Tanner v. State, 53 Ala.App. 534, 302 So.2d 117.
We have examined carefully the entire record before us, and find from such examination that there is sufficient evidence to sustain the jury verdict finding the appellant guilty, and that there are no errors in the record prejudicial to him.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
Affirmed.
All the Judges concur.