The grand jury of Winston County returned separate indictments against the appellants, Malcolm and Willodean Grace, charging that each of the appellants did carnally know, or abuse in the attempt to carnally know, a girl under the age of twelve years.
Each appellant entered a plea of not guilty and consented to a joint trial. A jury found each appellant guilty of carnal knowledge as charged in the indictment. The trial court duly sentenced the appellant, Malcolm Grace, to twenty years and the appellant, Willodean Grace, to fifteen years imprisonment in the penitentiary.
The appellants filed motions for a new trial which were denied, and appellant then filed notice of appeal to this court. The appeal was submitted on briefs. The appellants were represented by counsel of their choice at all proceedings in the trial court and are so represented in this court.
The appellants state, in their brief, two reasons their convictions should be reversed: First, that the trial court denied appellants' motions to exclude the State's evidence and direct a verdict of acquittal on the grounds that the State had failed to prove the elements of the offense, including but not limited to venue; Secondly, that § 13-1-133, Code of Alabama 1975, under which the appellants were convicted, is unconstitutional and void and violates the due process and equal protection clauses of the Constitution of the United States and the Constitution of the State of Alabama.
Appellants insist that the State's evidence is not sufficient to prove the elements of the offense charged in the indictment.
The State's evidence tended to prove that the appellants are husband and wife; that the injured party was a girl child, born October 16, 1967; and that on Friday July 15, 1977, the injured party lived in Hartselle, Alabama, with her mother and two brothers, all of whom were then visiting the grandmother of the injured party, near Falkville, a few miles south of Huntsville. On July 15, 1977, the appellants were present at the home of the grandmother of the injured party. They visited the grandmother until about 9:00 or 9:30 P.M., about which time, the appellants invited the injured party to go to Double Springs, Alabama with them.
The injured party left her grandmother's house with the appellants in their car to go to Double Springs, Alabama. The route traveled was on Highway 33, from Falkville to Hartselle, in Morgan County, to Wren, in Lawrence County, through the William B. Bankhead National Forest, to Double Springs, in Winston County. During the trip, both of the appellants drove the car. After the appellants' car entered the national forest, the car stopped at a bootlegger's trailer. After they had stopped at the bootlegger's in the national forest, and before reaching Double Springs in Winston County, while the car was still on the highway in the national forest, the appellant Malcolm Grace, had sexual intercourse with the injured party. The sexual organ of the appellant, Malcolm Grace, penetrated the sexual organ of the injured party on two different occasions at two separate places during the drive through the national forest.
The State's evidence further tended to prove that the appellant, Willodean Grace, took a quilt out of the car, spread it out on the ground in the road behind the car, made the injured party lie down on it, and that the appellant, Malcolm Grace, there had sexual intercourse with the injured party. Mrs. Grace told the injured party that if she *Page 321 
did not do that, they would leave her in the woods, and that she would have to walk back to Hartselle.
The evidence also tended to show that Mrs. Grace then refused to take the injured party back to her home, that Mrs. Grace was present when Malcolm Grace had sexual intercourse with the injured party, and that Mrs. Grace bit and kicked the injured party. Both of the appellants had been drinking beer at the time the intercourse occurred.
The State's evidence further tended to prove that, on July 17, 1977, Doctor Malcolm Blake examined the injured party, that she had bruises around her rectal area and vaginal areas, and that her vagina had been penetrated.
The State's evidence further tended to show that Jerry Thorn, a deputy sheriff of Winston County, was familiar with the boundary lines of Winston County. The deputy knew of two bootleggers located in the national forest, between the northern line of Winston County and Double Springs, who operate from mobile homes or trailers near the northern boundary line of Winston County. One of these homes is located on Old Highway 33 and one between Old Highway 33 and New Highway 33. It was shown that Old Highway 33 and New Highway 33 come together about two hundred yards south of the northern boundary line of Winston County. There are no bootleggers who live in and do business from a trailer, located in Lawrence County, on Highway 33, and the national forest, between the northern boundary lines of Winston County and Wren.
Appellant's evidence tended to show that the injured party rode with them in their car on the night of July 15, 1977, from Falkville to Hartselle to Wren, and from Wren back through the national forest to Double Springs, on New Highway 33. Appellants stopped their car only once, in Lawrence County near Wren, and picked up a six-pack of beer, and the injured party stayed in the back seat of their car during the whole trip. The appellants did not do any of the things that the injured party testified they did to her, and the appellant, Mr. Grace, made no advances toward the injured party and said nothing to her that indicated that he was going to. The injured party went to appellants' home with them and spent the night. On the 16th day of July, 1977, she was at their home in Double Springs until her mother came for her about noon, and she seemed normal and acted in a normal way. The appellants' reputation for truth and veracity, in the community in which they lived, was good.
The appellants were convicted under § 13-1-133, Code of Alabama 1975, which provides:
 "Any person who has carnal knowledge of any girl under twelve years of age, or abuses such girl in the attempt to have carnal knowledge of her, shall, on conviction, be punished by imprisonment in the penitentiary for not less than ten years, or as otherwise specified by law."
There are two crimes defined in the foregoing statute: first, having carnal knowledge of a girl under twelve years of age; and secondly, abusing a girl under the age of twelve in the attempt to have carnal knowledge of her. Carnal knowledge is the same as sexual intercourse. To sustain a conviction, it is necessary for the State to prove to the degree required by law, that the injured party was under twelve years of age at the time of the alleged act, and that her sexual organ was penetrated by the sexual organ of the accused, or that physical abuse to her genital organs occurred in an attempt to have carnal knowledge of her.
The appellant contends that the elements of carnal knowledge were not proved. We hold that, under the facts in the record, the evidence is sufficient to sustain the jury's verdict finding the appellant, Malcolm Grace, guilty of carnal knowledge, and to sustain the jury verdict finding Willodean Grace guilty of carnal knowledge as an aider and abettor. One who aids or abets another in the commission of a felony must be indicted, tried and punished as a principal. §§ 13-1-133 and 13-9-1, Code of *Page 322 
Alabama 1975; Reynolds v. State, 274 Ala. 171, 146 So. 85;Ferguson v. State, 134 Ala. 63, 32 So. 760; Baker v. State,52 Ala. App. 150, 290 So.2d 214; Conley v. State, Ala.Cr.App.,354 So.2d 1172.
The court fully instructed the jury on the law of one who aids or abets another in the commission of a felony, and correctly submitted to the jury the question as to Willodean Grace's guilt in the crime.
The appellants further contend that the State's evidence failed to prove that the crime was committed in Winston County.
We take judicial notice of the fact that the southern boundary line of Lawrence County and the northern boundary line of Winston County are the same. Magourik v. State, Ala.Cr.App.,339 So.2d 168. Proof of venue is necessary to sustain a conviction, and, like any other fact in the case, when there is evidence in the case having a tendency to prove that the offense was committed within the jurisdiction of the court, the question of venue becomes a fact for the jury to decide. §15-2-7, Code of Alabama 1975; Armstrong v. State, 249 Ala. 40,29 So.2d 330; Wilcutt v. State, 284 Ala. 547, 226 So.2d 328.
We hold that, if the jury believed the evidence of the injured party and Deputy Sheriff Jerry Thorn, it was sufficient to sustain the jury finding that the crime was committed in Winston County. The question of venue was properly submitted to the jury by the court's oral charge.
The appellants contend that § 13-1-133, Code of Alabama 1975, is unconstitutional and void, because it violated the due process and equal protection clauses of the Constitution of the United States and the Constitution of Alabama, in that it discriminates between the male sex and the female sex.
We have diligently searched the record and do not find where a ruling of the trial court was invoked on any constitutional question. Constitutional questions are not before this court unless raised in some manner in the trial court. Steele v.State, 289 Ala. 186, 266 So.2d 746; Fuller v. State, 269 Ala. 312, 113 So.2d 153; Carter v. State, Ala.Cr.App.,356 So.2d 682.
No other rulings of the trial court are argued in the appellant's brief.
As provided by the Alabama Code of 1975, § 12-22-240, we have searched the record for any errors prejudicial to the appellants and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of § 6.10, of the New Judicial Article (Constitutional Amendment 328, Act No. 1051, 1973); his opinion is adopted as that of the court.
The judgment is hereby affirmed.
AFFIRMED.
All the Judges concur.