The appellant, Daniel Ray Creech, was found guilty of conspiracy to commit murder and sentenced to life in the State penitentiary.
David Gerald Kloese testified that he and his girl friend were hitchhiking and the appellant stopped and gave them a ride to their apartment complex. Thereafter, Kloese and the appellant saw each other almost every night for approximately the following three weeks. Several nights later, the appellant asked Kloese if he would like to "make some big money." Kloese testified that the appellant told him that he "knew of people who wanted a woman killed" and would pay $2500 to have it *Page 303 
done. The appellant then took out two packs of money with "$2000" stamped on each pack. Kloese further testified that on the night in question, the appellant gave him a "sawed-off" .410 shotgun and showed him how to use it. They then drove to a store, where the appellant gave Kloese money to buy some shells for the shotgun. They returned to Kloese's home and the appellant put baby powder on the gun in order to remove any fingerprints. The appellant then drove to the intended victim's home, where Kloese got out of the car. The appellant drove away and Kloese walked to a neighbor's home in order to call the police. Kloese was denied the use of the phone by the neighbor and thereafter walked to a cabinet shop, where he called the Sheriff's Department.
The following day, Kloese called the appellant and told him that he had not completed the job. They arranged a meeting for Sunday night. Before the meeting, Kloese was wired with a microphone taping device by an F.B.I. agent and another taping device was placed in a doll in the Kloeses' living room. Kloese, as well as the F.B.I. agent, testified as to the accuracy of the tape made at that meeting. Additionally, the F.B.I. agent testified that he overheard the appellant making a telephone call in which he stated that he had hired a man to "hit" his wife and that "it went sour."
Linda Clark Creech, the appellant's ex-wife, testified that since the divorce, the appellant and she had not been on friendly terms.
Donald D. White, a special agent for the Bureau of Alcohol, Tobacco and Firearms, testified that he first spoke to the appellant upon his arrest at Kloese's apartment. He testified that he advised the appellant of his rights and that he appeared to understand them. He stated that the appellant claimed that he did not need a lawyer and he signed a waiver of rights form. White also testified that neither he nor anyone in his presence threatened the appellant or made him any promises in return for his statement. The appellant made a verbal statement but refused to make a written statement. White testified that the appellant stated that he was guilty of trying to hire Kloese to kill his wife.
 I
The appellant argues that the State failed to adequately prove venue. Specifically, the appellant alleges that the only indication that the offense occurred in Mobile County was made during the testimony of David Kloese when he responded that he believed that the intended victim resided in Mobile County. The State submits that Kloese's testimony, when coupled with other indirect evidence that implied that the offense occurred in Mobile County, established proper venue.
Sergeant John McCormack, a deputy sheriff with the Mobile County Sheriff's Department, testified that he received the call to go to the intended victim's residence. He then drove out to the site in order to investigate the crime. "Proof of venue is necessary to sustain a conviction, and, like any other fact in the case, when there is evidence in the case having a tendency to prove that the offense was committed within the jurisdiction of the court, the question of venue becomes a fact for the jury to decide. § 15-2-7, Code of Alabama (1975);Armstrong v. State, ex rel. Embry, 249 Ala. 40,29 So.2d 330; Willcutt v. State, 284 Ala. 547,226 So.2d 328." Grace v. State, 369 So.2d 318, 322
(Ala.Cr.App. 1979). "The jury has the option of believing a witness or not believing a witness who testifies as to venue. Apparently the jury believed the witness in the present action, and, therefore, no error existed as to the venue . . . issue presented by appellant." Agee v. State,465 So.2d 1196, 1204 (Ala.Cr.App. 1984). Furthermore, it is clear that venue can be established by circumstantial evidence. Allenv. State, 374 So.2d 447 (Ala.Cr.App. 1979).
 " 'In a criminal case, proof of venue is sufficient if it can be reasonably inferred by the jury from the facts and circumstances adduced. Segars v. State, 409 So.2d 1003
(Ala.Cr.App. 1982). Venue need not be established solely by direct evidence. Evidence from which it is inferable *Page 304 
is sufficient. Dolvin v. State, 391 So.2d 666 (Ala.Cr.App. 1979), aff'd, 391 So.2d 677 (Ala. 1980); Stokes v. State, 373 So.2d 1211 (Ala.Cr.App.), cert. denied, 373 So.2d 1218 (Ala. 1979).' "
Lewis v. State, 461 So.2d 9, 11 (Ala. 1984).
The State presented sufficient evidence from which the jury could have reasonably inferred that the offense occurred in Mobile County.
 II
The appellant argues that the trial court committed reversible error by allowing testimony from a co-conspirator prior to proof of the conspiracy.
 " 'The initial existence of a conspiracy may not be proved by the statements of the co-conspirator.' Ingle v. State, 415 So.2d 1225, 1228-29 (Ala.Cr.App. 1982). 'Before the statements of one co-conspirator may be admitted against another co-conspirator, only prima facie evidence of the existence of the conspiracy is necessary.' Lewis v. State, 414 So.2d 135, 140 (Ala.Cr.App.), cert. denied, 414 So.2d 140 (Ala. 1982). . . . While it is preferable that the testimony of a co-conspirator or hearsay testimony concerning the acts and statements of a co-conspirator be received into evidence after a prima facie showing of the existence of a conspiracy, such order of proof is not mandatory. 'The order of proof requirement is for the purpose of expediting the trial and saving the valuable time of the trial court, rather than protecting or securing any supposed right a defendant might have.' Nance v. State, 424 So.2d 1358, 1365 (Ala.Cr.App. 1982); Snoddy v. State, 20 Ala. App. 168, 101 So. 303 (1924); Smith v. State, 8 Ala. App. 187, 62 So. 575 (1913)."
Inzer v. State, 447 So.2d 838, 848-49
(Ala.Cr.App. 1983), cert. denied, 447 So.2d 850 (Ala. 1984).
Furthermore, "[e]ven if testimony relating statements made by confederates is objectionable as premature, in that independent proof of conspiracy has not been established before its admittance, subsequent proof of the conspiracy cures any error in the premature admission. Conley v. State,354 So.2d 1172 (Ala.Cr.App. 1977)." Tucker v. State,454 So.2d 541, 546-47 (Ala.Cr.App. 1983), reversed on other grounds,Ex parte Tucker, 454 So.2d 552 (Ala. 1984). We therefore find no error in the trial court's allowing David Kloese to testify prior to the State's presenting proof of a conspiracy.
AFFIRMED.
ALL THE JUDGES CONCUR.