FRY, Judge.
The appellant, Orlando Cornelius Last-er, was convicted of trafficking in cocaine, a violation of § 13A-12-231, Ala.Code 1975. He was sentenced, pursuant to the Alabama Habitual Felony Offender Act (“HFOA”), to 99 years in the state penitentiary and was fined $50,000 pursuant to § 13A-12-231(2)a., Ala.Code 1975.
I.
The first contention appellant raises on appeal is that the trial court erred in denying his motion for a judgment of acquittal in which he alleged that the state failed to prove venue. Specifically, the appellant argues that no direct evidence of venue was presented. First and foremost, this issue has not been preserved for review. At the conclusion of the state’s evidence, counsel for the appellant stated, “[T]he defendant moves for a directed verdict and finding of not guilty due to the failure of the state to present a prima facie case of trafficking in cocaine.” (R. 96.) This motion did not specifically raise the venue issue at the trial level and, thus, it did not preserve this issue for appellate review. Sciscoe v. State, 606 So.2d 202, 204 (Ala.Cr.App.1992). “Matters not objected to at trial and not ruled upon by the trial judge, will not be considered for the first time on appeal.” Thomas v. State, 666 So.2d 849, 852 (Ala.Cr.App.1993), citing Gilland v. State, 593 So.2d 158 (Ala.Cr.App.1991). We will not place the trial court in error on grounds not presented to it. See Acree v. State, 673 So.2d 855, 856 (Ala.Cr.App.1995). Further, we note that “ ‘to preserve an issue concerning venue (or lack thereof), the challenging party must object before a verdict is reached.’ ” Sciscoe, 606 So.2d at 204, quoting Kelley v. State, 568 So.2d 405, 407 (Ala.Cr.App.1990). See also Dutton v. State, 587 So.2d 1046, 1050 (Ala.Cr.App.1991).
Although this issue has not been preserved, after reviewing the record, we note that this contention is without merit, considering the circumstances of this case and applicable law.
“ ‘Proof of venue is necessary to sustain a conviction, and, like any other fact in the case, when there is evidence in the case having a tendency to prove that the offense was committed within the jurisdiction of the court, the question of venue becomes a fact for the jury to decide.’ ” Creech v. State, 508 So.2d 302, 303 (Ala.Cr.App.1987), quoting Grace v. State, 369 So.2d 318, 322 (Ala.Cr.App.1979). Venue can be established by circumstantial evidence. Creech, 508 So.2d at 303.
“ ‘ “In a criminal case, proof of venue is sufficient if it can be reasonably inferred by the jury from the facts and circumstances adduced. Segars v. State, 409 So.2d 1003 (Ala.Cr.App.1982). Venue need not be established solely by direct evidence. Evidence from which it *362 is inferable is sufficient. Dolvin v. State, 391 So.2d 666 (Ala.Cr.App.1979), aff'd, 391 So.2d 677 (Ala.1980); Stokes v. State, 373 So.2d 1211 (Ala.Cr.App.), cert. denied, 373 So.2d 1218 (Ala.1979).” ’ ”
Creech, 508 So.2d at 303-04, quoting Lewis v. State, 461 So.2d 9, 11 (Ala.1984).
Because venue can be established by circumstantial evidence, to prove venue the state was not required to prove by direct evidence that the appehant committed the crimes in Barbour County. Antonio Lawson testified that the mobile home where the drugs at issue were found was in Clio, in Barbour County. (R. 117.) Sheila Smith also testified that the drugs were found in her mobile home. She testified that her address at the time was “98 Carlton Easterling Road.” Detective Stanley Grubbs, with the Barbour County drug task force, testified that the mobile home was located “in Clio, on a dirt road, 98, across from Easterling Road in Clio, Alabama.” (R. 30.) Another witness, Behnda Thomas testified that she had purchased drugs on 10 or 15 occasions from the mobile home in which Sheila Smith lives, in Clio. (R. 181.) As a result of these transactions, Thomas admitted having crack cocaine in her possession in Barbour County. (R. 181.) Based upon this and other testimony presented at the appellant’s trial, the state presented sufficient evidence from which the jury could have reasonably inferred that the offenses were committed in Barbour County and that, therefore, proper venue was proven. See Kirby v. State, 581 So.2d 1136, 1143 (Ala.Cr.App.1990); and Rothchild v. State, 558 So.2d 981, 985 (Ala.Cr.App.1989).
II.
The appellant also contends that he was convicted on the uncorroborated testimony of a codefendant. He alleges that “considering the totality of the evidence presented, there is insufficient proof to corroborate the testimony of the co-defendant and a reasonably prudent person, excluding the testimony of the co-defendant, would have found insufficient evidence to convict.” (Appellant’s brief at p. 12.) We disagree.
Initially, we note that, in reviewing the sufficiency of the evidence, this court must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom and consider the evidence in a light most favorable to the state. Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App.1984).
Section 12-21-222, Ala.Code 1975, states:
“A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.”
This court has previously set out the law concerning the corroboration of accomplice testimony, as follows:
“The test for determining the sufficiency of the corroborative evidence of the testimony of an accomplice is through a ‘subtraction process.’ The test is generally stated:
“ ‘[F]irst, the evidence of the accomplice must be eliminated, and then, if upon examination of all other evidence, there is sufficient incriminating evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration.
McCoy v. State, 397 So.2d 577, 585 (Ala.Cr.App.), cert. denied, 397 So.2d 589 (Ala.1981), quoting Miller v. State, 290 Ala. 248, 250, 275 So.2d 675 (1973) (citations omitted; emphasis added in McCoy).
Section 13A-12-231, Ala.Code 1975, states the following, in pertinent part:
“(2) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams *363 or more of cocaine or of any mixture containing cocaine, described in § 20-2-25(1), is guilty of a felony, which felony shall be known as ‘trafficking in cocaine’.”
The evidence pertinent to the appellant’s conviction of trafficking in cocaine showed the following. Detective Stanley Grubbs, with the Barbour County Drug Task Force, testified that based on drug related complaints he had received, he obtained a warrant to search a mobile home in Clio. Grubbs and other members of the task force executed the search warrant on November 21, 1996. Lee Hamm, commander of the drug force, testified that when they arrived at the mobile home, there were three vehicles parked in the driveway. According to Hamm, one car belonged to Sheila Smith; the other two cars were registered in the appellant’s name.
Upon entering the mobile home, the officers found Smith and Antonio Lawson inside. Hamm testified that he found crack cocaine and marijuana in plain view on the coffee table. Lawson and Smith were subsequently arrested.
Hamm testified farther that Lawson told him where other drugs were located. Lawson directed Hamm to an area about 30 yards east of the mobile home. (R. 39.) Upon searching the area, Hamm recovered a plastic bag containing a substance later determined by the Alabama Department of Forensic Science to be 55.026 grams of crack cocaine.(R. 81.) The bag containing the cocaine was later sent by Hamm for a fingerprint analysis. Hamm testified that Lawson told him that the drugs belonged to the appellant. (R. 38.) At trial, Lawson testified that the drugs were the appellant’s and that Lawson was selling the drugs for the appellant.(R. 110,127.)
Marietta Prevost, a certified latent print examiner with the Department of Public Safety, identification services, testified that she identified the fingerprint on the plastic bag containing the 55.026 grams of crack cocaine as the “right index finger of Orlando Laster.” (R. 67.)
We note that “the probative value of the [corroborative] evidence need only legitimately tend to connect the accused with the crime and need not directly do so.” Mills v. State 408 So.2d 187, 191 (Ala.Cr.App.1981). See also Craig v. State 376 So.2d 803 (Ala.Crim.App.1979). In reviewing the record, we conclude that, excluding the testimony of the accomplice, the state presented sufficient corroborating evidence that connected the appellant to the crime and that supported the appellant’s conviction of trafficking in cocaine.
In Palmer v. State, 593 So.2d 143, 145 (Ala.Cr.App.1991), we reiterated the evidence the state must present to establish that an accused was in possession of illegal drugs:
“In order for the state to prove possession of a controlled substance, it must show: (1) actual or potential physical control, (2) an intent to exercise dominion, and (3) external manifestations of intent and control over the illegal substance. Korreckt v. State, 507 So.2d 558, 564 (Ala.Cr.App.1986); Donahoo v. State, 505 So.2d 1067, 1070 (Ala.Cr.App.1986); Radke v. State, 52 Ala.App. 397, 398, 293 So.2d 312, 313 (1973), aff'd, 292 Ala. 290, 293 So.2d 314 (1974). ‘Where constructive possession is relied on the state must also prove beyond a reasonable doubt that accused knew of the presence of the prohibited substance.’ Temple v. State, 366 So.2d 740, 741 (Ala.Cr.App.1978). Knowledge is usually established by circumstantial evidence. Korreckt, 507 So.2d at 565.”
This court has further stated:
“ ‘Because the element of knowledge is seldom susceptible to direct proof, it may be proved by evidence of acts or conduct of the accused from which it may fairly be inferred that he knew of the existence of the narcotics at the place where they were found.’ Walker v. State, 356 So.2d 674, 676 (Ala.Cr.App.1977), cert. denied, 356 So.2d 677 (Ala.1978). Therefore, proof of knowledge is *364 usually established by circumstantial evidence. Donahoo v. State, 552 So.2d 887, 892 (Ala.Cr.App.1989), citing Walker, 356 So.2d at 675. See also, White v. State, 611 So.2d 439, 440 (Ala.Cr.App.1992); Marks v. State, 575 So.2d 611, 618 (Ala.Cr.App.1990).”
Lockhart v. State, 715 So.2d 895, 899 (Ala.Cr.App.1997).
The state presented sufficient direct and circumstantial evidence, excluding the testimony of the accomplice, from which the jury could infer that the appellant was in constructive possession of cocaine. First, Smith testified that on October 25, 1996, the appellant moved into her mobile home. Smith testified that on November 21, 1996, the day the search warrant was executed and the drugs forming the basis of the charge were found, the appellant was living with her in the mobile home. (R. 153-154.) Smith acknowledged at trial that she had heard that the appellant sold drugs. (R. 142.)
We note that the testimony of the investigating officers, as discussed above, also tended to connect the appellant with the crime. Further, the testimony of the certified latent print examiner clearly linked the appellant with the drugs found.
The testimony of Smith, which suggested that the appellant was actually residing in the mobile home at the time the drugs were found, in conjunction with the additional evidence presented, “tended to connect the [appellant] with the commission of the crime.” German v. State, 429 So.2d 1138 (Ala.Cr.App.1982). Furthermore, the jury examined all of the evidence, including the testimony of many witnesses presented by the state and the appellant. “ ‘[T]he weight of the evidence, the credibility of the witnesses, and inferences to be drawn from the evidence ... are for the jury alone.’ ” Cowan v. State, 579 So.2d 13, 16 (Ala.Cr.App.1990), quoting Willcutt v. State, 284 Ala. 547, 549, 226 So.2d 328, 330 (1969). This court will not substitute its judgment for that of the jury. Rutledge v. State, 680 So.2d 997 (Ala.Cr.App.1996). Accordingly, considering the evidence in a light most favorable to the state and excluding the testimony of the accomplice, we conclude that there was sufficient evidence from which the jury could infer that the appellant was in constructive possession of 55.026 grams of crack cocaine and, thus, find the appellant guilty of trafficking in cocaine.
III.
The final contention the appellant raises on appeal is that the trial court erred “in sentencing the appellant to 99 years in the penitentiary when his co-defendant received only 15 years split two years to serve by pleading guilty.” (Appellant’s brief at p. 13.)
We note that this particular issue, which questions the appellant’s sentence in relation to the sentence of the co-defendant, was not preserved for appellate review. Our review of the record indicates that the appellant himself actually raised the only question regarding the sentence rendered by the trial court. Specifically, we note that during the sentencing hearing, the appellant stated:
“[D]ue to the fact when this case first went down, the D.A. was familiar with all of this evidence he presented to you, and he came to me with 10 split 2. Due to the fact that I said I was not guilty and I took it to a jury, now I’m hit with a life sentence due to the fact that I wanted to exercise my right to a jury.”
(R. 261.) The trial court responded as follows:
“That is not the reason. As I said, I said I was not offended and not influenced by the fact that you went to trial at all. That is certainly a right you have. So, that has nothing to do with the sentence.... Anyway, based on my understanding of the law and what has been presented, and at the state’s recommendation, I sentence you to a term *365 of 99 years imprisonment and a fine of $50,000 — ”
(R. 261-62.)
The- issue the appellant raised at the sentencing hearing is clearly different from the issue the appellant now raises on appeal. Consequently, this court will not review the propriety of the appellant’s sentence in relation to the sentence of his codefendant; the record before us does not reveal that this particular issue was raised in the trial court. Bivins v. State, 710 So.2d 521 (Ala.Cr.App.1997) (Matters not objected to at trial are not preserved for appellate review.) Richerson v. State, 668 So.2d 130 (Ala.Cr.App.1995) (A statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial.)
However, in reviewing the circumstances in this case, we do find that the sentence rendered by the trial court was proper.
Section 13A-5-9, Ala.Code 1975, states the following, in pertinent part:
“(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows:
[[Image here]]
“(3) On a conviction of a Class A felony, he must be punished by imprisonment for life or for any term of not less than 99 years.”
The record indicates that the appellant had two prior felony convictions, one for the sale of a controlled substance and one for burglary in the third degree.(R. 255.) The record also indicates that the appellant received notice that the state intended to proceed under the HFOA, § 13A-5-9, Ala.Code 1975, and that the state produced certified copies of these convictions.(R. 249, 254-55.) As noted earlier, the appellant was convicted of trafficking in cocaine, a Class A felony. See § 13A-12-231, Ala. Code 1975. In accordance with § 13A-5-9, and pursuant to the above facts, we find that the sentence rendered by the trial court was proper.
IV.
Section 13A-12-231(2)(a), Ala. Code 1975, provides that the mandatory fine for trafficking in cocaine when the amount of cocaine involved is between 28 and 500 grams is $50,000. The record indicates that this fine was properly imposed by the trial court. Moreover, the Demand Reduction Assessment Act, § 13A-12-281, Ala.Code 1975, mandates an additional fine of $1,000 for first-time offenders and $2,000 for second-time and subsequent offenders for each conviction under § 13A-12-231, Ala.Code 1975. The record does not indicate that the trial court fined the appellant, a habitual offender, $2,000, in accordance with the Demand Reduction Assessment Act. Therefore, this case is remanded so that the trial court may impose this mandatory fine. See Smith v. State, 715 So.2d 904 (Ala.Cr.App.1997); Baker v. State, 736 So.2d 1133 (Ala.Cr.App.1998). The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court.
AFFIRMED AS TO CONVICTION AND SENTENCE; REMANDED WITH DIRECTIONS TO IMPOSE ADDITIONAL FINE. 
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.