BURKE, Judge.
Following a bench trial, A.E., a 15-year-old male, was adjudicated delinquent by the Lee Juvenile Court on one count of third-degree theft of property, see § 13A-8-5, Ala.Code 1975, and one count of unlawful breaking and entering a vehicle, see § 13A-8-ll(b), Ala.Code 1975. The juvenile court committed A.E. to the Alabama Department of Youth Services. A.E. appeals.
The State presented evidence indicating the following. On October 28, 2013, around 12:45 a.m., police officers from the Auburn Police Department were dispatched to The Reserve apartment complex on South College Street. A resident at The Reserve had reported that three black males were looking into vehicles in The Reserve’s parking lot and pulling on the door handles of the vehicles. When Officer Kenneth Youngblood arrived at The Reserve, he saw three black males wearing dark clothing standing in the parking lot. As Officer Youngblood approached the three males, they ran. Officer Youngblood pursued the males on foot, and he was able to apprehend one of them, K.G. When K.G. was apprehended, he was in possession of property that had been taken from one of the vehicles located in the parking lot of The Reserve. ■ That property included a telephone charger and a video game. Officer Youngblood identified The Reserve as being located in Auburn. Officer Youngblood testified that one of the suspects who ran away was significantly taller than the other suspects and was wearing a dark brown jacket.
*788 Officer Youngblood further testified that about 30 minutes after the initial incident, the Auburn Police Department received a call concerning a suspicious person who was knocking on a door at The Edge apartment complex, which was located about a quarter of a mile from The Reserve. Auburn police officers responded to that call and apprehended A.E. near The Edge. Officer Youngblood testified that A.E. matched the description of one of the males who fled from the parking lot of The Reserve. Specifically, Officer Young-blood testified that A.E. was significantly taller than the other suspects and that A.E. was wearing a dark brown jacket when he was apprehended.
James Park, an officer with the Auburn Police Department’s canine unit, responded to The Reserve to track the suspects who fled. Officer Park’s dog tracked a scent from the suspects’ vehicle in The Reserve’s parking lot to an area near where A.E. was apprehended. According to Officer Park, the Auburn Police Department received a call concerning a suspicious black male who was knocking on the door of the Fresenius Medical Clinic. Officer Park had no recollection of receiving a call about The Edge apartment complex. Officer Park’s dog tracked a scent from the suspects’ vehicle to the door of the Fresenius Medical Clinic. The dog then continued to track the scent to the parking lot of the Auburn University Federal Credit Union, where he began to lose the scent. At that point, Officer Park was advised that a suspect had already been detained in that area and transported to the police department, so Officer Park terminated the track. Officer Park testified that he was about 150 yards away from The Edge when he stopped tracking. Officer Park further testified:
“To my recollection, the individual was detained in the parking lot of the Auburn Federal Credit Union parking lot. I don’t know if anybody ever made it to The Edge, but I know that — an officer at the intersection of Donahue and East University — I’m sorry, South Donahue and East University had someone detained and then had already transported him to the Auburn police division.”
(R. 32.)
Joseph Ellison, a detective with the Auburn Police Department, testified that A.E. “walked up to a patrol officer on South Donahue and just gave himself up.” (R. 44.) Detective Ellison testified that A.E. was detained “on South Donahue around the area of The Edge apartments.” (R. 45.) Detective Ellison further testified that The Edge was less than 100 feet from the intersection of Donahue and East University.
Kevin Freeze, a police officer with the Auburn Police Department, testified that, around November 6, 2013, he was transporting A.E., K.G., and another juvenile to court. During that trip, Officer Freeze overheard a conversation between A.E. and K.G. Concerning that conversation, Officer Freeze testified:
“[A.E.] was speaking to [K.G.], and he told him, he said, man, just tell them I wasn’t there, just tell them I wasn’t there. [K.G.] then said, well, what about the game; he said, what about your fingerprints on the game. And [A.E.] then told him, he said, man, just tell him we went to Game Stop. He said, I am looking at two years; I can’t do two years.”
(R. 49.)
After Officer Freeze’s testimony but before the State rested its case, over an objection from the defense, the State recalled Detective Ellison to offer further testimony. After being recalled, Detective Ellison testified that the incident he dis *789 cussed earlier occurred in “Auburn, Lee County, Alabama.” (R. 51.)
On appeal, A.E. makes two arguments. First, A.E. argues that the State presented insufficient evidence to support the juvenile court’s adjudication of delinquency. However, our review of the record reveals that this argument was never presented to the juvenile court; thus, this argument was not preserved for our review.
Rule 1(A), Ala. R. Juv. P., provides, in part:
“These Rules shall be known as the Alabama Rules of Juvenile Procedüre and shall govern the procedure for all matters in the juvenile court. If no procedure is specifically provided in these Rules or by statute, the Alabama Rules of Civil Procedure shall be applicable to those matters that are considered civil in nature and the Alabama Rules of Criminal Procedure shall be applicable to those matters that are considered criminal in nature.”
No procedure for challenging the sufficiency of the evidence is specifically provided in the Rules of Juvenile Procedure or by statute. However, a delinquency hearing is criminal in nature. See Rule 25(A), Ala. R. Juv. P. (providing that “[a] delinquency or child-in-need-of-supervision hearing shall be conducted consistent with legal and due-process requirements and shall proceed generally in a manner similar to the trial of a criminal action before the court sitting without a jury ”) (emphasis added). Thus, the Alabama Rules of Criminal Procedure are applicable to this matter. Under the Alabama Rules of Criminal Procedure, “[t]he issue of the sufficiency of the evidence is preserved for review by a defendant’s motion for a judgment of acquittal that is entered at the end of the state’s case, at the close' of the evidence, see [Rule 20.2(a), Ala. R.Crim. P.], or after the verdict is entered, see [Rule 20.3, Ala. R.Crim. P.]” Zumbado v. State, 615 So.2d 1223, 1241 (Ala.Crim.App.1993).
In the present case, A.E. did not move for a judgment of acquittal at any point during trial, nor did he make a post-trial motion challenging the sufficiency of the evidence. Therefore, A.E. did not preserve his insufficient-evidence claim for appellate review.[1] Moreover, our review of the record indicates that the State presented sufficient evidence to support the juvenile court’s adjudication of delinquency.
Second, A.E. argues that the juvenile court erred in allowing the State to recall Detective Ellison to testify concerning venue. However, “[i]t is ... settled law in this State, that the recall of a witness is within the discretion of the trial court.” Stewart v. State, 49 Ala.App. 679, 680, 275 So.2d 358, 359 (Ala.Crim.App.1973). Furthermore, “[t]he court may, at its discretion, at any time before the conclusion of the argument, when it appears to be necessary to the due administration *790 of justice, allow a party to supply an omission in the testimony on such terms and under such limitations as the court may prescribe.” § 15-14-4, Ala.Code 1975. This Court has previously held that a trial court does not abuse its discretion in allowing the State to recall a witness to testify concerning venue, even though the State has already rested its case. See, e.g., Meeks v. State, 697 So.2d 60, 61 (Ala.Crim.App.1996). Therefore, in the present case, we can find no abuse of discretion in allowing the State to recall Detective Ellison to testify concerning venue before the State rested its case.
’ Moreover, any error in allowing Detective Ellison to testify concerning venue was harmless because other evidence presented by the State was sufficient to allow the trier of fact to conclude that venue was proper in Lee County.
Rule 45, Ala. R.App. P., provides:
“No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of ... the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
In Laster v. State, 747 So.2d 359 (Ala.Crim.App.1999), this Court stated:
“ ‘ “Proof of venue is necessary to sustain a conviction, and, like any other fact in the case, when there is evidence in the case having a tendency to prove that the offense was committed within the jurisdiction of the court, the question of venue becomes a fact for the [trier of fact] to decide.” ’ Creech v. State, 508 So.2d 302, 303 (Ala.Cr.App.1987), quoting Grace v. State, 369 So.2d 318, 322 (Ala.Cr.App.1979). Venue can be established by circumstantial evidence. Creech, 508 So.2d at 303.
“ ‘ “ ‘In a criminal case, proof of venue is sufficient if it can be reasonably inferred by the [trier of fact] from the facts and circumstances adduced. Segars v. State, 409 So.2d 1003 (Ala.Cr.App.1982). Venue need not be established solely by direct evidence. Evidence from which it is infer-able is sufficient. Dolvin v. State, 391 So.2d 666 (Ala.Cr.App.1979), aff'd, 391 So.2d 677 (Ala.1980); Stokes v. State, 373 So.2d 1211 (Ala.Cr.App.), cert. denied, 373 So.2d 1218 (Ala.1979).’ ” ’
“Creech, 508 So.2d at 303-04, quoting Lewis v. State, 461 So.2d 9, 11 (Ala.1984).”
747 So.2d at 361-62.
In the present case, the evidence presented by the State indicated that the crimes were committed in the parking lot of The Reserve. Witnesses identified The Reserve as being located in Auburn, which is in Lee County. Furthermore, several streets and other locations in Auburn near The Reserve were identified. Additionally, the law-enforcement officers involved in the incident testified that they were employed by the Auburn Police Department. We hold that, based on this evidence, the trier of fact could have reasonably inferred that venue in Lee County was proper. Also, no evidence was presented indicating that the crimes were committed anywhere outside Lee County. Therefore, Detective Ellison’s testimony concerning venue was merely cumulative of other undisputed evidence concerning venue. Consequently, any error in allowing Detective Ellison to testify concerning venue did not probably injuriously affect A.E.’s substantial rights; thus, the error, if any, was harmless.
*791 Based on the foregoing, the judgment of the juvenile court is affirmed.
AFFIRMED.
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

. We note that, in Ex parte Vaughn, 495 So.2d 83 (Ala.1986), based on prior versions of Rules 1 and 25, Ala. R. Juv. P., the Alabama Supreme Court held that Rule 52, Ala. R. Civ. P., applied to delinquency proceedings and that, under Rule 52(b), findings of fact by the juvenile court were sufficient to preserve for appeal the issue of sufficiency of the evidence, even if the juvenile defendant had not invoked a ruling by the trial court on that issue. However, since Ex parte Vaughn was decided, Rule 1, Ala. R. Juv. P., has been amended to clarify that the Rules of Criminal Procedure apply in those matters in the juvenile court that are criminal in nature, and Rule 25, Ala. R. Juv. P., has been amended to provide that delinquency hearings shall proceed generally in a manner similar to the trial of a criminal action before the court sitting without a jury. Therefore, Ex parte Vaughn and its progeny are no longer applicable to delinquency proceedings.